38288.   INDEPENDENT LIFE & ACCIDENT
INSURANCE COMPANY v. CRATON.

DECIDED JUNE 20, 1960—REHEARING DENIED JULY 12, 1960.

*Mitchell, Clarke, Pate & Anderson, William M. Pate,* for plaintiff in error.

*Cook, Llop & Long, Nick Long, Jr., Robert M. Sparks,* contra.

BELL, Judge. The findings of fact, which have run the gamut from the individual board member, to the full board, to the superior court, show that the injury arose out of and in the course of the employment of the claimant. Although the claimant had a series of accidents both prior and subsequently to the injury involved in the course of this employment, any disability the claimant suffered from any accident he might have received prior to this compensable one had ceased, and the injuries sustained subsequently to that time were not to that part of the body which went to the disability involved in this compensation award. Although the doctors' reports were conflicting as to the extent of the disability, there was sufficient evidence for the fact finders to accept the record of the doctor which establishes permanent disability. The claimant did attempt other types of work after the disability involved in this case, but such attempts do not fix firmly that the disability had ceased.

The insurer appealed from the various stages of the award and to this court on the usual statutory grounds (*Code* § 114-710), but after a careful examination of the record, it is clear that the members acted within the scope of their powers; that the facts found by the members support the order or decree; and that the order or decree is not contrary to law.

This court has established that it will not upset the findings of fact or conclusions of the full board of workmen's compensation except upon the clear statutory grounds set forth in *Code* § 114-710. Recently in *Baynes v. Liberty Mutual Ins. Co.*, 101 Ga. App. 85, 87 (112 S. E. 2d 826) Judge Gardner summarized and emphasized this court's attitude. The court will not disturb an award made by the State Board of Workmen's Compensation on issues of fact where there is evidence to support these findings. Since there is evidence authorizing the award of the single director as affirmed by the full board and by the superior court, it will be sustained here.

It must be stated in this case, however, that the insurer alleges that the order or decree was procured by fraud which, if established, provides grounds for reversing the award of the board as set out in *Code* § 114-710 (2). Yet the only evidence of fraud shown by the record is some misstatements made when the claimant applied for employment. Notwithstanding this, the record discloses that the Workmen's Compensation Board was fully aware of the facts in relation to this evidence, and yet found that there was no fraud in procuring the order or decree, although there may have been some misstatements with respect to the employment itself. The award therefore must be affirmed as there is no basis for a finding by this court that the order or decree was procured by fraud. The order of the superior court affirming the award of the full Board of Workmen's Compensation based upon the award of the single director is affirmed.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*

ON MOTION FOR REHEARING

Counsel for the plaintiff in error earnestly contend that the claimant's refusal to authorize the release of hospital and medical records of the Veteran's Administration pertaining to the

claimant's hospitalization from an accident occurring some three years after the injury for which he received workmen's compensation, raises a conclusive presumption that such records, if produced, would have been adverse to the claimant's position here. Counsel argues that this refusal brought into effect *Code* § 38-119. While we accept the pertinency of the statute here, we cannot agree with the contention of counsel, since the statute states that the presumption may be *rebutted*. Thus, the statute itself clearly negates the possibility of a conclusive presumption under these circumstances. Furthermore, as this statute has been interpreted, the presumption under the Code section is one of fact and not of law. *Brothers v. Horne*, 140 Ga. 617, 618 (3) (79 S. E. 468). This interpretation results in the presumption being one for the triors of fact to determine, which, in this instance, is the State Board of Workmen's Compensation. Here the board has resolved this issue and this court cannot reverse its findings of fact in the absence of the grounds authorized in *Code* § 114-710. Obviously, since the rebuttal of this presumption is one of fact, it is exclusively for the findors of the fact to resolve.

Another ground earnestly urged in the motion is based on a claimed error in placing the burden of proof regarding a change in condition on the employer rather than on the employee. In this instance, regardless of which party has the burden of proof, the finding of fact by the board was that *as a matter of fact* there was a change of condition, and this finding, the record reveals, was supported by a sufficiency of evidence.

*Rehearing denied.*