### 47726, 47727. HARRIS v. ATLANTA COCA-COLA BOTTLING COMPANY et al.; and vice versa.

DEEN, Judge. 1. "No compensation shall be allowed for the first seven calendar days of incapacity resulting from an injury, *including the day of the injury.*" Code Ann. § 114-401. (Emphasis supplied.) Assuming that

this employee was injured on March 17, 1970, and was discharged on March 30, 1970, as able to return to work, compensation would be payable to him from March 24 through March 30, both dates inclusive. Under any theory of the evidence payment of compensation for less than one week was inadequate for the purpose.

2. There is sufficient evidence to uphold the finding of the deputy director, affirmed by the full board and by the judge of the superior court on appeal, that the claimant's eye injury arose out of and in the course of his employment, and that the injury ceased and he was able to return to work as of March 31. Medical evidence that any disability after this date was not injury-related disposes of all the contentions of the appellant, where accepted as true by the hearing director.

3. The claimant in a workmen's compensation case is entitled to an award including attorney fees only when the employer defends the claim without reasonable grounds. Code Ann. § 114-712; *LaFavor v. Aetna Casualty & Surety Co.,* 117 Ga. App. 873 (162 SE2d 311). The award included $500 attorney fees, which is made an enumeration of error on the cross appeal, as follows: "I find further claimant's attorney is entitled to an attorney's fee in the amount of $500. That had he not prosecuted this claim, the statute would have run on claimant. I find further. . . claimant was not paid under an approved agreement which he signed in good faith. . . ."

The special circumstances of this case uphold this finding of fact. It appears that the claimant was called into the office, signed an agreement to receive compensation, and was then given a check for less than the compensation owing through March 31 which the employer admitted was due him and told to sign a Form 19, an amendment to the agreement which

acknowledged his ability to return to work and cessation of disability, apparently to be used as a substitute for the former final settlement forms. Because the supplemental agreement was not signed by Harris the employer refused to sign the agreement to pay and file it with the board. It accordingly had no effect on the case. *Taylor v. Sunnyland Packing Co.,* 112 Ga. App. 544, 546 (145 SE2d 587). The contention that the employer's offer to sign an agreement to pay compensation was contingent on obtaining the contemporaneous supplemental agreement ending compensation is entirely specious, as in contravention of Code § 114-705. The claim adjuster's testimony that he had canceled the first draft which was made out for one week's compensation and issued another for a lesser amount, and that he did not have the agreement filed, are some evidence to substantiate the finding of the hearing director. The contention of the employer and insurer that they in fact first requested a hearing before the board, prior to the demand for hearing by Harris' counsel, and that this fact was ignored in the award, is not substantiated by the record. It appears that counsel for the employer, in a letter to counsel for the employee dated February 16, 1971, stated that the former would request a hearing, and the letter itself indicated an open copy to the board, but there is no evidence that the board ever in fact received any request for hearing from the employer. A claim was filed on behalf of the employee at the beginning of March, 1971. We agree with the director that such steps as were taken by the employer toward adjudication were initiated by counsel for the claimant, and that under all the circumstances the award of attorney fees was reasonable.

*Judgment affirmed in both cases. Bell, C. J., and Quillian, J., concur.*

ARGUED JANUARY 2, 1973 — DECIDED FEBRUARY 2,

1973 — Rehearing denied February 15, 1973.

*Robert T. Efurd, Jr.,* for appellant.
*Neely, Freeman & Hawkins, Edgar A. Neely, Jr., Andrew J. Hamilton,* for appellees.