## 67055. DYCOL, INC. et al. v. CRUMP.

SHULMAN, Presiding Judge.

In the first stage of this workers' compensation case, appellee was awarded benefits by the administrative law judge. When the employer filed an appeal to the full board, appellee requested an assessment of attorney fees under the provisions of OCGA § 34-9-108 (b)(1) (Code Ann. § 114-112) contending that appellant was defending this matter without reasonable grounds. The board adopted the findings of the administrative law judge, but did not address the issue of attorney fees. When the employer appealed the board's award to the superior court, appellee requested that the matter be remanded, upon affirmance of the award, to the board for consideration of the attorney fees question. The superior court entered an order affirming the award and remanded the case to the board as appellee had requested. We granted the employer's application for a discretionary review to consider the propriety of the remand to the board.

OCGA § 34-9-103 (a) (Code Ann. § 114-708) provides that if an application for review of the decision of an administrative law judge is made, the board shall "make and file an award in the manner specified in Code Section 34-9-102 [Code Ann. § 114-707]." Section 34-9-102 (Code Ann. § 114-707) deals with the procedure to be followed by administrative law judges and requires in subsection (f) that the ALJ "shall determine the questions and issues . . ." Since the board's award shall be "in the manner specified in Code Section 34-9-102 [Code Ann. § 114-707]," it follows that the board must also "determine the questions and issues." In the present case, appellee

made attorney fees an issue before the board, but the board failed to determine that question. Since the board failed to obey its mandate that it determine the questions and issues raised, the superior court was authorized to find that the award was contrary to law, one of the grounds specified in OCGA § 34-9-105 (c) (Code Ann. § 114-710) as warranting a remand of the case to the board. We hold, therefore, that the superior court's decision to remand the case for a decision on the issue of attorney fees was entirely proper and, indeed, required by the Workers' Compensation Act.

Appellant argues that the superior court is the correct forum for the determination of the issue of attorney fees. That argument would have been valid any time prior to 1978, but in that year the legislature amended the Workers' Compensation Act to remove from the courts the authority to award attorney fees in workers' compensation cases, vesting that authority solely in the "Administrative Law Judge or the Board." Ga. L. 1978, pp. 2220, 2235. Under present law, appellant's argument is without merit. The superior court in the present case properly remanded the matter to the board for determination of the issue it had failed to address.

*Judgment affirmed. McMurray, C. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 9, 1984 —
REHEARINGS DENIED FEBRUARY 20 AND FEBRUARY 23, 1984 — ■

*Michael K. Jablonski, Benjamin H. Terry,* for appellants.
*Warren N. Coppedge, Jr.,* for appellee.