## 69765. SCANDRETT v. TALMADGE FARMS, INC.
(330 SE2d 772)

CARLEY, Judge.

On September 15, 1982, appellant-employee sustained an injury in an on-the-job accident. Appellant was treated by Dr. Banderas, a physician who was not a member of the appellee-employer's approved panel of physicians. On October 20, 1982, appellant had fully recovered from her injury, and Dr. Banderas released her to return to work with no restrictions. Appellant contacted appellee in order to return to work, but was told that she had been terminated. Appellant was unable to obtain employment elsewhere because she revealed to potential employers that she had once sustained an injury in an accident at work.

Thereafter, appellant filed for workers' compensation benefits, and appellee controverted the claim. A hearing was held before an administrative law judge (ALJ) who awarded appellant temporary total disability benefits commencing on September 15, 1982, and continuing until further notice. The ALJ denied appellant's claim for medical expenses arising from the treatment rendered by Dr. Banderas. The Full Board of the State Board of Workers' Compensation adopted the ALJ's findings and conclusions "except that [appellee] is directed to pay the cost of services rendered by Dr. Banderas in connection with this claim." On appeal to the superior court, that court found that the Full Board's award of disability benefits to appellant for any period after October 20, 1982 was based upon an erroneous legal conclusion and that the Full Board misapplied its rules

concerning appellant's claim for medical benefits. Accordingly, the superior court reversed and remanded the award of the Full Board. Appellant's application to this court for a discretionary appeal was granted.

1. Appellant asserts that the superior court's reversal of the Full Board's award of disability benefits for any period after October 20, 1982 was predicated on an erroneous legal theory. The relevant portions of the ALJ's award, as adopted by the Full Board are as follows: "I find that claimant's disability commenced on September 15, 1982 and *will continue* until further order of this Board. I come to this conclusion based on the testimony of claimant that when she was notified that she no longer had a job she attempted to find employment in a number of places but was refused after notifying prospective employers that she had *had* a back injury while employed by [appellee]." (Emphasis supplied.)

The superior court determined that the Full Board's award of disability benefits for the period *after* she had fully recovered was based upon an erroneous conclusion of law. The superior court held that in a "change of condition" hearing where an employer shows that a claimant has *recovered fully* from the injury sustained in an on-the-job accident, and shows that the claimant is able to return to work, the employer need not show the availability of work. Because the evidence is undisputed that appellant had fully recovered as of October 20, 1982, the superior court ruled that the Full Board's finding that appellant's disability continued due merely to her inability to find employment was erroneous.

We first note that although the parties and the superior court considered this issue as one involving a "change in condition," a claimant cannot have a change in condition unless there has been a previous establishment by award or otherwise of the claimant's wage-earning capacity, physical condition, or status. OCGA § 34-9-104. There was no such prior award or agreement of appellant's condition or status in this case. "However, the erroneous use of the term change in condition in the award does not alter the board's findings of fact that [appellant had fully recovered as of October 20, 1982]." *Hartford Accident &c. Co. v. Mauldin*, 147 Ga. App. 230, 231 (248 SE2d 528) (1978).

The purpose of the hearing conducted by the ALJ was to determine whether appellant was entitled to compensation in the form of total disability benefits. "In all claims for compensation, it is necessary for the claimant to carry the burden of proof in order to establish [her] claim for compensation." *Shore v. Pacific Employers Ins. Co.*, 102 Ga. App. 431, 432 (116 SE2d 526) (1960). The evidence authorized a finding that appellant suffered an on-the-job injury on September 15, 1982, and that finding is not now disputed. Appellant was en-

titled to an award of compensation for her total disability for the period of time that her total disability continued or existed. See OCGA § 34-9-261. The question that must be resolved is whether the superior court correctly ruled that the Full Board's award of *continuing* benefits beyond the date of her full recovery was based upon an erroneous conclusion of law.

"It has been uniformly held that the incapacity referred to in [OCGA § 34-9-261] is loss of *earning capacity due to the injury* and not due to the employee's unwillingness to work or to economic conditions of unemployment. [Cits.]" (Emphasis supplied.) *Federated Mut. Implement &c. Ins. Co. v. Whiddon*, 88 Ga. App. 12, 17 (75 SE2d 830) (1953). See also *Gen. Accident Fire &c. Corp. v. McDaniel*, 44 Ga. App. 40 (160 SE 554) (1931); *Lumbermen's Mut. Cas. Co. v. Cook*, 69 Ga. App. 131, 136 (25 SE2d 67) (1943). Since the evidence before the ALJ concerning appellant's physical condition was that she was totally cured, the Full Board applied an erroneous legal theory in finding that appellant continued to be disabled absent any evidence that she was unable to find suitable work due to any remaining *physical* disability as the result of her previous injury. Cf. *Harris v. Atlanta Coca-Cola Bottling Co.*, 128 Ga. App. 193 (196 SE2d 159) (1973); *Williams Bros. Lumber Co. v. Magee*, 162 Ga. App. 865 (292 SE2d 477) (1982); *Jackson v. Seaboard Fire &c. Ins. Co.*, 144 Ga. App. 531, 532 (2) (241 SE2d 636) (1978). That appellee was refused employment for an injury that she *had* sustained, but from which she had fully recovered did not authorize a finding of continuing total disability. Based upon the foregoing, we find that the superior court did not err in reversing the Full Board's award requiring the payment of disability benefits after the date of appellant's full recovery.

2. Appellant also enumerates as error the superior court's reversal of the Full Board's award of medical benefits. As previously stated, following her work-related accident, appellant was treated by Dr. Banderas, a physician who was not a member of appellee's panel of physicians. Subsequently, appellee controverted appellant's claim for benefits. The Full Board reversed the ALJ's denial of medical benefits on the ground that under the terms of Rule 201 (b) of the State Board of Workers' Compensation Act, an employer cannot restrict treatment of a claimant to the panel of physicians where the employer has controverted the claim. On appeal, the superior court found that the Full Board misapplied Rule 201 (b) and reversed the award of medical benefits.

Assuming without deciding that Rule 201 (b), as revised on July 1, 1983, is even applicable in the instant proceeding and that the Rule is properly before this court, it is clear that the superior court correctly found that the Rule was misapplied in the case at bar. OCGA § 34-9-201 (c) provides in pertinent part that "[t]he employer shall not

be responsible for the charges for medical services furnished or ordered by any physician or other person selected by the employee in disregard of this subsection." It is undisputed that appellee selected a physician who was not a member of appellee's posted panel of physicians. There is no evidence, nor does appellant assert, that she sought treatment from Dr. Banderas "due to an emergency or similarly justifiable reason." OCGA § 34-9-201 (c). Accordingly, under OCGA § 34-9-201, appellee is not responsible for the charges for appellant's medical services. Appellee's attempt to controvert appellant's claim for medical services was entirely proper.

Nor does Rule 201 (b) demand a different result. It is undisputed that appellee sought and received treatment *before* filing a claim for benefits and thus *before* appellee had an opportunity to controvert the claim. Under such circumstances, we will not construe Rule 201 (b) to prevent appellee from denying responsibility for the charges, thereby subverting the intent and meaning of OCGA § 34-9-201. See generally *Brown Transport Corp. v. Holcombe*, 171 Ga. App. 532 (320 SE2d 552) (1984); *K-Mart Corp. v. Anderson*, 166 Ga. App. 421, 423 (1) (304 SE2d 526) (1983). We find no error.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 11, 1985.

*Patrick J. Fox*, for appellant.
*James B. Hiers, Jr., George L. Pope, Jr.*, for appellee.