72897. LEDBETTER v. PINE KNOLL NURSING HOME et al.
(350 SE2d 299)

CARLEY, Judge.

Appellant filed a claim for workers' compensation benefits after she injured her back in an on-the-job accident. Following a hearing on the claim, the administrative law judge (ALJ) made an award to appellant of weekly income benefits for total disability, medical expenses, and attorney fees. Appellees, who are the employer and insurer, sought a de novo review by the Full Board. The Full Board adopted the findings and conclusions of the ALJ as its own. Appellees then appealed to the superior court, which reversed, in its entirety, the award in favor of appellant. The instant appeal results from this court's grant of appellant's application for a discretionary appeal from the superior court's order.

1. Among the findings of the ALJ, as adopted by the Full Board, were the following: appellant had sustained a back injury in a previous employment; she had subsequently been refused employment after informing prospective employers of her prior back injury; and she

was hired as a nurse's aide by the appellee-employer without having disclosed her prior injury, although she had been asked if she had such an occurrence in her past employment history. The superior court noted that, in reviewing the decision of the Full Board, it was bound by the "any evidence rule." See OCGA § 34-9-105; *K-Mart Corp. v. Anderson*, 166 Ga. App. 421, 423 (1) (304 SE2d 526) (1983). It nevertheless concluded that OCGA § 34-9-17 mandated the reversal of the award of weekly income benefits. OCGA § 34-9-17 provides, in relevant part, that "[n]o compensation shall be allowed for an injury or death due to the employee's willful misconduct. . . ." The superior court found that appellant's misrepresentation to the appellee-employer regarding her previous injury was wilful and "set in motion the events leading to her second back injury."

In Georgia, for the "willful misconduct" of an employee to constitute a bar to workers' compensation, that conduct must have been the proximate cause of *the injury. Seitzingers, Inc. v. Barnes*, 161 Ga. App. 855, 859 (289 SE2d 315) (1982); *Shiplett v. Moran*, 58 Ga. App. 854 (200 SE 449) (1938); *Parks v. Maryland Cas. Co.*, 69 Ga. App. 720 (26 SE2d 562) (1943). The burden of proof as to this issue is on the employer. *Seitzingers, Inc. v. Barnes*, supra at 859. To the extent that appellant's misrepresentation may have resulted in her securing of employment, it was a factor in the chain of events leading up to her injury. However, a prior and remote cause cannot be the immediate and proximate cause of an injury " ' " 'if such remote cause did nothing more than furnish the condition, or give rise to the occasion by which the injury was made possible, if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated, efficient cause of the injury. If no danger existed in the condition except because of the independent cause, such condition was not the proximate cause.' [Cit.]" ' [Cit.]" *Georgia Power Co. v. Collum*, 176 Ga. App. 61, 64 (3) (334 SE2d 922) (1985).

Appellant's misrepresentation merely "gave rise to the occasion by which the injury was made possible." *Georgia Power Co. v. Collum*, supra at 64. OCGA § 34-9-17 does not provide that "willful misconduct" which leads to the securing of employment, as opposed to that which leads directly and naturally to the occurrence of the actual subsequent injury itself, will bar an injured employee's claim for workers' compensation. Appellant's misstatements in securing employment would be too attenuated to be considered as fraud in the procurement of an award of compensation. "[T]he only evidence of fraud shown by the record is some misstatements made when [appellant] applied for employment. Notwithstanding this, the record discloses that the [Workers'] Compensation Board was fully aware of the facts in relation to this evidence, and yet found that there was no fraud in procuring the order or decree, although there may have been

some misstatements with respect to the employment itself." *Independent Life &c. Ins. Co. v. Craton*, 102 Ga. App. 78, 80 (115 SE2d 636) (1960). Accordingly, appellant's asserted prior willful misconduct in the instant case was too remote to constitute the proximate cause of her injury so as to bar her claim under OCGA § 34-9-17. The conclusion of the ALJ, as adopted by the Full Board, that appellant's actual injury would be a compensable on-the-job accident is supported by the evidence of record. The superior court therefore erred in reversing the award of weekly income benefits.

2. Appellant also enumerates as error the superior court's reversal of the Full Board's award of medical benefits. Following her injury, appellant sought treatment from physicians who were not members of appellees' panel of approved physicians. Compare *Georgia Power Co. v. Brasill*, 171 Ga. App. 569 (320 SE2d 573) (1984), aff'd 253 Ga. 766 (327 SE2d 226) (1985). The Full Board's award adopted the ALJ's reliance on Rule 201 (b) of the State Board of Workers' Compensation and the ALJ's finding that appellant was authorized to seek medical care from these non-panel physicians because appellees controverted the instant claim. Compare *Boaz v. K-Mart Corp.*, 254 Ga. 707 (334 SE2d 167) (1985). However, "[i]t is undisputed that appell[ant] sought and received treatment *before* filing a claim for benefits and thus *before* appellee[s] had an opportunity to controvert the claim. Under such circumstances, we will not construe Rule 201 (b) to prevent appellee[s] from denying responsibility for the charges, thereby subverting the intent and meaning of OCGA § 34-9-201. [Cits.]" (Emphasis in original.) *Scandrett v. Talmadge Farms*, 174 Ga. App. 547, 550 (2) (330 SE2d 772) (1985). Accordingly, the superior court was correct in reversing the award of medical benefits.

3. Appellant enumerates as error the superior court's reversal of the award of attorney fees. Insofar as the superior court reversed *all* awards of compensation to appellant, it concluded that appellees had not acted "in whole or in part without reasonable grounds." OCGA § 34-9-108 (b) (1). However, for the reasons discussed in Division 1 of this opinion, the superior court erred in reversing the award of weekly income benefits. Therefore, the superior court's conclusion that appellant could not rely upon appellees' actions with regard to that "part" of her claim as the predicate for an award of attorney fees was erroneous.

However, the award of the Full Board cannot be reinstated. The conclusion that appellees acted "in whole or in part without reasonable grounds" must be supported by specific findings of fact. See *Carroll v. Dan River Mills*, 169 Ga. App. 558 (313 SE2d 741) (1984). The award in the record of the instant case contains no findings of fact supporting the bald conclusion that appellees defended the claim "in part without reasonable grounds." Accordingly, although the superior

court's order reversing the award of attorney fees on the merits must be reversed, our reversal must be with direction that the attorney fees claim be remanded to the Full Board for a redetermination which includes specific findings of fact with regard to whether appellees acted "without reasonable grounds" as to appellant's weekly income benefits. *Dycol, Inc. v. Crump*, 169 Ga. App. 930 (315 SE2d 460) (1984).

*Judgment reversed in part and affirmed in part. Case remanded with direction. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 23, 1986.

*Clifford C. Perkins, Jr.*, for appellant.
*Michael K. Jablonski, Jeanne M. Bynum*, for appellees.