72810. STATE OF GEORGIA et al. v. TUNGLER.
(351 SE2d 248)

BENHAM, Judge.

Appellee Tungler suffered an injury on the job while employed by the Georgia Department of Natural Resources. The administrative law judge awarded appellee weekly workers' compensation benefits, but found appellant/employer/insurer not liable for the medical treatment provided appellee by a physician not listed on the employer's panel of physicians. OCGA § 34-9-201 (c). The State Board of Workers' Compensation (Board), citing *Boaz v. K-Mart Corp.*, 254 Ga. 707 (334 SE2d 167) (1985), and Rule 201 (b) of the Rules & Regulations of the State Board of Workers' Compensation, found that appellant had controverted liability, thereby rendering authorized the treat-

ment given by or at the direction of the unlisted physician. The Board directed appellant to pay the medical expenses incurred from treatment by or at the direction of the unlisted physician, and the Superior Court of Cook County affirmed the Board's decision. We granted appellant's application for discretionary review of the superior court's decision.

1. OCGA § 34-9-201 (b) requires an employer to maintain and post a list of at least three physicians who are reasonably accessible to the employees. An employee may accept the services of a listed physician selected by the employer or select another physician from the list. The employer is not responsible for medical expense charged by a physician selected by the employee without regard to the list. OCGA § 34-9-201 (c). However, if there is an emergency or "similarly justifiable reason" resulting in an inability to choose a listed physician, an employee need not select a physician from the list so long as the inability to select persists. In the case at bar, the ALJ made a finding, adopted by the Board, that no emergency or other justifiable reason existed that permitted appellee to use the services of an unlisted physician. Therefore, under OCGA § 34-9-201 (c), appellant was not liable for the medical expenses incurred by appellee as a result of receiving treatment from the unlisted physician.

The Board held that Rule 201 (b) of the Rules & Regulations of the State Board of Workers' Compensation mandated payment of the medical expenses by appellant. Rule 201 (b) provides that "[t]he employer/insurer cannot restrict treatment of claimant to the panel physicians where they [the employer/insurer] have controverted the claim." The medical expenses at issue were incurred *prior* to the filing of appellant's notice to controvert. Thus, by its ruling, the Board has given retroactive effect to Rule 201 (b), holding that an employer, by the act of controverting its employee's claim, is financially responsible for all injury-related treatment previously received by the claimant. Such an interpretation of Rule 201 (b) significantly weakens the efficacy of OCGA § 34-9-201 (c), for if an employer is going to be held liable for medical bills for all previous treatment of an employee by any physician if the employer subsequently controverts the employee's claim for benefits, there is no reason for an employee to choose a physician from the posted panel. In addition, such an interpretation has a chilling effect on the employer's decision whether to controvert a claim — by so doing, the employer automatically makes itself liable for medical expenses already incurred by the employee at the hands of an unlisted physician.

Contrary to the Board's assertion, the Supreme Court's decision in *Boaz v. K-Mart Corp.*, supra, does not mandate the result reached herein by the Board and affirmed by the trial court. Boaz suffered a compensable injury in 1980. The employer-approved physician re-

leased him as "cured" two months later. Three years later, while under the care of a non-listed physician, Boaz underwent an operation which the ALJ found was related to his work-related injury. The Supreme Court affirmed the award for medical expenses due after receiving treatment from the unlisted physician. Citing Larson, The Law of Workmen's Compensation, Vol. 2, Sec. 61.12, the Supreme Court pointed out that "[t]he law of workers' compensation generally requires that the employee will be liable for non-authorized treatment if the expenses are incurred without giving the employer an opportunity to furnish treatment; if the employer does not adequately meet the duty of providing treatment the employee may make other arrangements and once treatment by a physician is undertaken an employer may not change positions and cut off the right to continue such treatment." *Boaz*, supra at 710. Implicitly the Supreme Court held that by an employer-approved physician releasing Boaz back into the work force as "cured," the employer had not adequately met its duty of providing treatment to the employee since the employee was able to prove that his subsequent medical problems were related to his work-related injury.

In the case at bar, the employer was never given an opportunity to furnish treatment for appellee's injury. Instead, appellee, fully cognizant of the posted panel of physicians since she had prepared it as part of her administrative duties, visited a physician of her choice. In so doing. appellee acted as did the employee in *Scandrett v. Talmadge Farms*, 174 Ga. App. 547 (330 SE2d 772) (1985): "It is undisputed that [appellee] sought and received treatment *before* filing a claim for benefits and thus *before* [appellant] had an opportunity to controvert the claim. Under such circumstances, we will not construe Rule 201 (b) to prevent [the employer] from denying responsibility for the charges, thereby subverting the intent and meaning of OCGA § 34-9-201. [Cits.]" Id. at 550. See also *Ledbetter v. Pine Knoll Nursing Home*, 180 Ga. App. 654 (2) (350 SE2d 299) (1986).

Under *Boaz*, *if* an employee can show his symptoms emanate from a work-related injury, an employer cannot both controvert the employee's claim for benefits *and* demand that the employee accept treatment only from a panel physician who asserts the employee is cured of his work-related injury. The *Boaz* decision does not adversely affect this court's opinion in *Scandrett*, where, as here, an employee received treatment from an unlisted physician before filing a claim for benefits and before the employer controverted the claim. Here, as in *Scandrett* and *Ledbetter*, supra, the employer was never given "an opportunity to furnish treatment." Rather, the employee sought medical care of her own choice and then filed for benefits. If Rule 201 (b) operates as the Board has applied it, OCGA § 34-9-201 (c) is rendered useless in all cases in which an employer controverts a

claim, no matter when the unauthorized treatment was received.

2. On appeal, appellee maintains that use of an unauthorized physician was statutorily permissible under the "emergency or other justifiable reason" exception contained in OCGA § 34-9-201 (c). However, the ALJ and the Board both found no emergency or other justifiable reason which would allow appellee to receive treatment from an unauthorized physician at appellant's expense. Inasmuch as there is evidence to support that finding, we shall not disturb it on appeal.

Appellee also argues that the expense of her treatment by her selected physician should be charged to her employer because her supervisor authorized it. Appellee's evidence of authorization consists of her supervisor's offer to drive her to the hospital when she complained of back pain some two months and twelve days after sustaining the work-related injury, and the supervisor's failure to direct her to one of the panel physicians. It is apparently appellee's contention that the supervisor's conduct violated the employer's statutory duties found in OCGA § 34-9-201 (b) (1, 2). Those duties are imposed to ensure that employees are cognizant of their right to seek medical treatment and the limitations thereon. Whether these duties were violated is not at issue in the case at bar in light of the ALJ's finding, adopted by the Board and the trial court, that appellee was aware of the panel of physicians since she had prepared and posted the list. There being evidence to support that finding, we decline to disturb it on appeal.

Insofar as the trial court affirmed the Board's award to appellee of medical expenses incurred at the hands of an unauthorized physician prior to the filing of a notice to controvert by the employer, the judgment of the trial court is reversed and the case remanded in order that a judgment be entered not inconsistent with this opinion.

*Judgment reversed and case remanded. Deen, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 20, 1986.

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Wayne P. Yancey, Jr., Senior Assistant Attorney General, Susan L. Rutherford, Assistant Attorney General, Charles M. Dalziel, Jr.,* for appellants.

*Tom W. Thomas,* for appellee.