74269. DALTON FIRE DEPARTMENT et al. v. GOSSAGE.

(355 SE2d 459)

DEEN, Presiding Judge.

The appellee, Prater Gossage, was employed by the City of Dalton Fire Department. On January 31, 1985, while performing a pre-fire inspection of a warehouse storing dyestuffs and chemicals, he sneezed. In pursuing this workers' compensation claim, Gossage contended that he sneezed because of a cold he had contracted a few days earlier and because of the respiratory irritants at the pre-fire inspection site, and that this sneeze caused a herniation of a lumbar disc.

On February 8, 1985, Gossage went to his personal physician, who was not on the employer's approved list of physicians. He was hospitalized from February 8 to 16, 1985; Gossage or his wife informed the fire department of his hospitalization, although it appears that no specific mention was made of any claim that the injury was work-related. Gossage's attorney formally advised the fire department of the workers' compensation claim by letter on March 10, 1985.

Following a hearing, the administrative law judge denied the claim, finding that (1) Gossage had not shown that his injury arose out of his employment, and (2) Gossage had not given the fire department proper notice of the injury. The full board, however, reversed both findings and awarded Gossage compensation, including payment of the unauthorized medical expenses incurred by Gossage before he filed his claim and before the fire department controverted the claim. The superior court affirmed the award, and this discretionary appeal followed. *Held*:

OCGA § 34-9-80 in part provides that "[n]o compensation will be payable unless such notice, either oral or written, is given within 30 days after the occurrence of an accident . . . unless it can be shown that the employee had been prevented from doing so by reason of physical or mental incapacity, or by fraud or deceit, or that the employer, his agent, representative, or foreman, or the immediate superior of the injured employee had knowledge of the accident, or unless a reasonable excuse is made to the satisfaction of the board for not giving such notice and it is reasonably proved to the satisfaction of the board that the employer had not been prejudiced thereby." Notice of an injury required by this Code section need not indicate an intent to claim compensation, and is sufficient if it puts the employer on notice of the injury so that the employer may investigate the matter if it sees fit to do so. *Wilson v. Manville Bldg. Prods.*, 179 Ga. App. 408 (346 SE2d 851) (1986); *State of Ga. v. Mitchell*, 177 Ga. App. 333 (1) (339 SE2d 384) (1985). But it must be emphasized that "[e]ither the language or the context of the notice . . . must be such as to indicate to the employer . . . that there exists at least a possibil-

ity that the injury complained of may be job-related." *Carroll v. Dan River Mills*, 169 Ga. App. 558, 561 (313 SE2d 741) (1984); see also *Complete Auto Transit v. Reavis*, 105 Ga. App. 364 (124 SE2d 491) (1962).

Applying that standard, we agree with the appellant that the February 1985 contact by Gossage or his wife did not constitute sufficient notice under OCGA § 34-9-80, because nothing was said to indicate any possibility that the injury was job-related. The written notice mailed by Gossage's attorney on March 10, 1985, could salvage the claim only if it was shown that timely notice was not made because of one of the reasons delineated in the Code section above. Review of the entire record discloses that Gossage failed to make that showing. He emphasizes that the fire department obviously was not prejudiced by his failure to give timely notice, as demonstrated by the fire chief's testimony that the department would not have handled the claim differently even had Gossage immediately informed him that the injurious sneeze occurred on the job. However, he ignores the concomitant evidentiary burden of showing a reasonable excuse for not giving the requisite notice. Throughout the proceeding, in fact, Gossage never proffered any excuse for not timely notifying the fire department of a job-related injury, and neither the board, the superior court, nor this court may invent one for the claimant. No sufficient, timely notice of a job-related injury having been given to the employer in this case, as a matter of law Gossage's claim was barred.

*Judgment reversed. Birdsong, C. J., and Pope, J., concur.*

DECIDED MARCH 9, 1987 —
REHEARING DENIED MARCH 19, 1987 —

*Ann B. Conn, John A. Ferguson, Jr.*, for appellants.
*Don L. Hartman*, for appellee.