74810. JACKSON v. WILLIAM L. BONNELL COMPANY et al.
(359 SE2d 919)

McMURRAY, Presiding Judge.

This is a workers' compensation case. Claimant suffered a compensable injury and she received compensation benefits from the employer/insurer. Thereafter, the employer/insurer sought a change in condition finding in order to suspend the payment of benefits. Following a hearing, the administrative law judge determined that claimant's injury (to a trapezius muscle) triggered psychological symptoms which prevented claimant from performing her duties on the job. Thus, even though claimant was physically able to perform her job duties, the administrative law judge denied the employer/insurer's motion to discontinue benefits. In so doing, the administrative law judge specifically found that claimant's psychological disability is real and that she is not malingering.

On appeal, the full board with one member dissenting, entered an award in favor of the employer/insurer. In its ruling, the full board found that claimant "is physically able to perform the duties of a driller . . ." No finding was made by the full board concerning claimant's psychological condition.

Claimant appealed to the superior court which affirmed the decision of the full board. We granted claimant's application for a discretionary appeal. *Held*:

The board made a finding concerning claimant's physical condition but did not address the crucial issue of whether claimant's psychological condition stems from her compensable injury and whether she is disabled as a result of her condition. See generally *St. Paul Ins. Co. v. Henley*, 141 Ga. App. 581 (234 SE2d 159). No finding was made concerning her mental condition. In the absence of such a finding, a reviewing court cannot determine the propriety of the board's award. Accordingly, we reverse and remand this appeal with direction that appropriate findings be made by the board with regard to claimant's psychological injury. See *Dycol, Inc. v. Crump*, 169 Ga. App. 930 (315 SE2d 460).

*Judgment reversed and case remanded for proceedings not in-*

*consistent with this opinion. Sognier and Beasley, JJ., concur.*

DECIDED JULY 8, 1987 —
REHEARING DENIED JULY 22, 1987.

*John G. Shumaker*, for appellant.
*Oliver B. Dickins, Jr.*, for appellees.