### 44515. GOSSAGE v. CITY OF DALTON FIRE DEPARTMENT et al.
#### (360 SE2d 249)

GREGORY, Justice.

OCGA § 34-9-80 provides, in pertinent part, "Every injured employee or his representative, shall, immediately on the occurrence of any accident or as soon thereafter as practicable, give or cause to be given to the employer. . . . a notice of accident. This notice shall be given by the employee either in person or by his representative, and until such notice is given the employee shall not be entitled to any physician's fees nor to any compensation which may have accrued under the terms of this chapter prior to the giving of such notice. . . . No compensation will be payable unless such notice, either oral or written, is given within 30 days after the occurrence of an accident . . . ." We granted certiorari to the Court of Appeals, *Dalton Fire Dept. v. Gossage,* 182 Ga. App. 257 (355 SE2d 459) (1987), to determine what constitutes sufficient notice within the meaning of this code section.

The claimant is a fireman with a history of back problems. On January 31, 1985, while inspecting a warehouse which stores dyestuffs, the claimant "sneezed violently." He testified he felt a "sudden pain" in his back at this time, but did not tell anyone of this. Eight days later, the claimant visited his personal physician who hospitalized the claimant for treatment of an herniated lumbar disc. The physician diagnosed that this injury occurred as a result of the claimant's sneeze on January 31. The day he was hospitalized the claimant left a message for his supervisor that he had "sneezed and hurt [his] back." Notice that the injury occurred as a result of the claimant's sneeze while on the job was not given to the employer until after the 30-day period of OCGA § 34-9-80 had lapsed.

The Court of Appeals reversed the trial court's affirmance of a workers compensation award, finding that Gossage's notice of injury did not "indicate any possibility that the injury was job-related." 182 Ga. App. at 258.

In *Schwartz v. Greenbaum,* 236 Ga. 476, 477 (224 SE2d 38) (1976), this court pointed out that OCGA § 34-9-80 (former Code Ann. § 114-303) "does not require that *notice* of an injury or accident must show that it arose out of and in the course of employment." To "effectuate the humane purposes for which the Work[ers] Compensation Act was enacted," this court held that " '[t]he required notice need not be given with a view to claiming compensation, and is suffi-

cient if it puts the employer on notice of the injury so that it may make an investigation if it sees fit to do so.' " Id.

We hold that while the employee must timely inform his employer of the accident or injury in order to satisfy the notice requirement of OCGA § 34-9-80, it is not necessary for the employee to state that the accident or injury occurred on the job. In some cases, such as we now consider, it is unclear whether the injury is job-related. Timely notice by the employee that he has been injured will provide the employer with the opportunity to make further inquiries if it chooses to do so. To hold that the employee must inform the employer that the injury is job-related would vitiate the rule of *Schwartz* by requiring that "notice be given with a view to claiming compensation."

In this case the claimant timely put his employer on notice of his injury by the statement that he had "sneezed and hurt his back." The employer then had the opportunity to make additional inquiries relating to the injury if it cared to do so. We hold that the notice in this case was sufficient under OCGA § 34-9-80. Therefore the Court of Appeals erred in reversing the award on this basis.

*Judgment reversed and remanded for consideration of issues not reached. All the Justices concur, except Marshall, C. J., who dissents.*

DECIDED SEPTEMBER 24, 1987.

*Harriss, Hartman, Aaron, Townley & Wharton, Don L. Hartman, James A. Secord,* for appellant.
*Drew, Eckl & Farnham, John A. Ferguson, Jr., Ann Bishop Conn,* for appellees.