74520. KWON et al. v. FLEMING.
(363 SE2d 28)

BEASLEY, Judge.
This is a discretionary appeal by employers, Walter and Christine

Kwon d/b/a Old Country Buffet from the superior court's affirmance of an award of the State Board of Workers' Compensation in favor of claimant Fleming.

The ALJ found the following: Fleming sustained an accident arising out of and in the course of her employment on September 6, 1985, when she stepped on some cleaning powder in the restaurant's kitchen and fell on the concrete floor. The Kwons, owners of the restaurant, were present when Fleming fell and Mr. Kwon laughed at her. Fleming told Mrs. Kwon several times that she was hurting, was in pain, and was unable to work. Claimant went to see her personal physician on September 13; her last day of work was on September 18. On November 6, she was admitted to the hospital for ten days. Mrs. Kwon visited her and asked her to state that the fall occurred the day before her hospital admission so that insurance would cover the accident. Fleming had her coccyx removed on April 11, 1986, and has been totally disabled from her work-related injury since September 19, 1985. The employers did not controvert the claim until March 13, 1986.

The ALJ concluded that: claimant could go to the physician of her choice for treatment; claimant could not obtain her rights under the Workers' Compensation Act, and had to employ an attorney; having prevailed in her claim, attorney fees and penalties were warranted for failure to controvert the claim within twenty-one days and for having no reasonable defense thereto.

The employers were directed to pay Fleming total disability benefits until altered or terminated by law, specified reasonable medical expenses, future medical expenses reasonably required to effect a cure or give relief to her injury-resultant condition, reimbursement for the coccyx surgery, and attorney fees of one-third of the recovery without deduction from claimant's benefits.

It was and is undisputed that at the time of Fleming's injury, the employers had no workers' compensation insurance coverage nor were they self-insurers for the purpose of workers' compensation. However, the ALJ did not impose additional penalties on the employers for failure to provide workers' compensation coverage because she found that they did not wilfully fail to obtain it.

1. The employers maintain that at the time of claimant's fall, they had posted a panel of physicians and that inasmuch as claimant sought treatment from her personal physician rather than an authorized one, they should not be held liable for claimant's medical expenses prior to their controverting the claim.

While it is true that an employer is "not responsible for medical expenses where the employee makes no effort to select from a properly posted panel of physicians, but instead chooses his own doctor and is treated before the employer files a notice to controvert, *ITT-*

*Continental Baking Co. v. Powell,* 182 Ga. App. 533 (2) (356 SE2d 267) (1987); *State of Ga. v. Tungler,* 181 Ga. App. 21 (351 SE2d 248) (1986); *Ledbetter v. Pine Knoll Nursing Home,* 180 Ga. App. 654 (2) (350 SE2d 299) (1986)." *Pritchard Svcs. v. Lett,* 183 Ga. App. 298, 300 (358 SE2d 842) (1987), this rule does not apply here. If any such panel was posted at the time of claimant's injury it was ineffective because the employer had no workers' compensation coverage. The record shows that any posted panel of physicians was either a remnant of the prior owners' insurance coverage or part of the Kwons' apparently mistaken assumption that they had in force workers' compensation insurance. In either instance any list was rendered ineffective by the complete lack of required workers' compensation coverage. Furnishing workers' compensation coverage is what gives the employer the right to choose physicians.

" 'The law of workers' compensation generally requires that the employee will be liable for non-authorized treatment if the expenses are incurred without giving the employer an opportunity to furnish treatment; if the employer does not adequately meet the duty of providing treatment the employee may make other arrangements and once treatment by a physician is undertaken an employer may not change positions and cut off the right to continue such treatment. [Cit.]' [Cit.]" Id. The employers' failure to furnish workers' compensation coverage prevented them from adequately meeting the statutory duty. Under these circumstances, the employers' claim that they should not be held responsible for claimant's pre-controvert medical expenses is rejected.

2. Appellants also maintain that claimant's injuries are the result of a pre-existing condition not connected with a work-related injury and thus she is not entitled to compensation for her injuries.

Evidence supports the finding of the ALJ to the contrary, as adopted by the Board. " 'It is axiomatic that any finding of fact by the board, if supported by any evidence, is conclusive and binding upon the superior court and this court. OCGA § 34-9-105; [Cit.]' [Cit.]" *N. G. Gilbert Corp. v. Cash,* 181 Ga. App. 775, 777 (353 SE2d 840) (1987).

3. Lastly, appellants contend that they were never given "proper notice" that "an injury causing accident had occurred on their premises." They argue that the notice pertaining to lost time from work given them by the claimant stated that time would be lost from work due to a cause other than the alleged fall in the restaurant's kitchen.

The ALJ's findings that Mr. Kwon was present and witnessed claimant's fall and responded to it is supported not only by claimant's testimony but also by that of another employee who witnessed the fall. The further finding that claimant told Mrs. Kwon that she was in pain and unable to work is likewise supported by the record. The au-

thority cited in Division 2 controls here as well.

The notice in this case was sufficient under OCGA § 34-9-80. See *Gossage v. City of Dalton Fire Dept.*, 257 Ga. 430 (360 SE2d 249) (1987).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 28, 1987 —
REHEARING DENIED NOVEMBER 17, 1987.

*Lloyd Hoffspiegel*, for appellants.
*E. Neal Little, Jr.*, for appellee.