## 74269. DALTON FIRE DEPARTMENT et al. v. GOSSAGE.
(363 SE2d 349)

Deen, Presiding Judge.

The pertinent facts in this case are recorded in *Dalton Fire Dept. v. Gossage*, 182 Ga. App. 257 (355 SE2d 459) (1987), and will not be repeated here. In that previous appearance of this case, this court held that the claimant had not given the employer notice of a job-related injury. The Supreme Court, however, concluded otherwise. *Gossage v. Dalton Fire Dept.*, 257 Ga. 430 (360 SE2d 249) (1987). That judgment is now made the judgment of this court. Issues presently to be decided include (1) whether the claimant's injury was in fact job-related, and (2) whether the employer was not responsible for medical expenses incurred by Gossage before he filed his claim. *Held*:

1. Gossage testified that his exposure to inclement weather as a fireman caused him to catch a cold a couple of days before his injury. On the day of his injury, he was assigned the task of inspecting a warehouse that stored dyestuffs. Because of these dyestuffs, in conjunction with his cold, Gossage sneezed while he was bent over on a ladder, and he suffered a herniated disc in his lumbar spine.

Although we agree with the employer that a common cold is not compensable, this evidence of a job-related exposure to respiratory irritants while in an awkward posture was sufficient to support the board's finding that Gossage's back injury resulting from the sneeze was job-related and compensable. Where there is any evidence to support the board's finding, of course, this court must affirm. *N. G. Gilbert Corp. v. Cash*, 181 Ga. App. 775 (353 SE2d 840) (1987).

2. It is undisputed that Gossage initially sought medical treatment from his personal physician who was not on the employer's posted panel of physicians. The board found the employer responsible for these medical expenses that were incurred by Gossage before he filed a claim and before the employer had an opportunity to controvert the claim. This court has held that "[u]nder such circumstances, we will not construe Rule 201 (b) [which provides that an employer/insurer cannot restrict treatment to the panel physicians when it has controverted the claim] to prevent [the employer] from denying responsibility for the charges. . . ." *Scandrett v. Talmadge Farms*, 174 Ga. App. 547, 550 (330 SE2d 772) (1985). The medical expenses Gossage incurred before filing his claim were unauthorized, and the board thus erred in requiring the employer to pay them. Accord *State of Ga. v. Tungler*, 181 Ga. App. 21 (351 SE2d 248) (1986).

*Judgment affirmed in part and reversed in part. Birdsong, C. J., and Pope, J., concur.*

DECIDED NOVEMBER 25, 1987.

*Ann Bishop Conn, John A. Ferguson, Jr.*, for appellants.
*Don L. Hartman*, for appellee.