## 77315. H & H TRUCKING COMPANY v. DAVIS.
## 77316. CREECH BROTHERS, INC. et al. v. DAVIS.
### (380 SE2d 301)

POPE, Judge.

Appellee Richard Davis was employed as a truck driver by appellant H & H Trucking Company. He filed a claim for workers' compensation benefits. At the time his injuries occurred, the truck Davis was driving was leased by appellant Creech Brothers, Inc. Creech Brothers was found to be the statutory employer of the claimant and both Creech Brothers and H & H are thus liable for any workers' compensation benefits that are due him.

The record shows the claimant has suffered from diabetes since 1969 but failed to disclose this fact to his employer in order to get the job. The claimant knew that federal regulations prohibited him, as a diabetic, from driving a tractor-trailer rig on the public highways. On January 6, 1986, the claimant was carrying a load for Creech Brothers. He stopped in Kentucky for his evening meal around 10:30 p.m. He resumed driving south on I-75 at approximately midnight. The claimant testified that about one hour later he experienced dizziness and nausea and pulled off the road. He remembers nothing else regarding the incident. Approximately seven hours later, Kentucky highway officials found the claimant passed out, face down in a ditch approximately five hundred yards from the truck which was parked on the side of the highway. The claimant was found in a diabetic coma from an insulin imbalance. When he arrived at the hospital his blood alcohol level was .013 and the record reflects he had the smell of alcohol on his breath. The claimant denied consuming any alcohol on the evening in question. He was treated for damage to his kidneys and other injuries caused by exposure to the cold weather while he was outside the truck and he continues to suffer from complications arising out of exposure. The ALJ denied benefits to the claimant on the ground that his injuries were the result of his pre-existing diabetic condition and did not arise out of his employment. On appeal, the full board reversed the ALJ and found the injuries to be compensable. The decision of the full board was upheld by the superior court. The two employers brought separate appeals in which they argue essentially the same two enumerations of error. We have consolidated the two appeals for appellate review.

1. The employers first argue the superior court erred in affirming the board's finding that the injury arose out of the claimant's employment. If the evidence were unequivocal that the injury was a result of

the claimant's pre-existing diabetic condition, then the occurrence which precipitated the injury would not be an "accident" under the Workers' Compensation Act. See *Hanson Buick v. Chatham*, 163 Ga. App. 127 (292 SE2d 428) (1982). However, the medical testimony in this case established that the claimant's injuries were the result of exposure to cold, and not the result of his diabetic coma. Only if the claimant's diabetic condition started the chain of events which lead to his passing out in a ditch could it be said that his injuries from exposure were proximately caused by his pre-existing diabetic condition. The evidence was sufficient to support the conclusion that the claimant had vomited before he passed out and that the diabetic coma in which he was found could have been caused by loss of nutrients after vomiting. The medical testimony established that the claimant's symptom of nausea immediately preceding his loss of consciousness was not consistent with an insulin reaction. Therefore, the medical testimony did not demand a finding either for or against the claimant, but presented an issue of fact as to whether his injuries were proximately caused by his pre-existing condition or by some other cause. "The process is one of weighing the facts, and even if the facts could support a conclusion either way, the duty of the reviewing court is not to *reweigh* the facts, but to search the record for any evidence to support the conclusion reached below." *Carter v. Kan. Fire &c. Ins. Co.*, 138 Ga. App. 601, 604 (226 SE2d 755) (1976). The record contains sufficient evidence to support the board's finding that the injuries arose out of the claimant's employment and not out of his pre-existing condition.

2. The employers next argue that the board erred in failing to find that the claim was barred, pursuant to OCGA § 34-9-17, by the claimant's wilful misconduct in failing to disclose that he suffered from diabetes, a condition which would legally bar him from operating the truck. "In Georgia, for the 'willful misconduct' of an employee to constitute a bar to workers' compensation, that conduct must have been the proximate cause of *the injury*. . . . To the extent that [the claimant's] misrepresentation may have resulted in [his] securing of employment, it was a factor in the chain of events leading up to [his] injury. However a prior and remote cause cannot be the immediate and proximate cause of an injury if such remote cause did nothing more than furnish the condition, or give rise to the occasion by which the injury was made possible, if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated, efficient cause of the injury. If no danger existed in the condition except because of the independent cause, such condition was not the proximate cause." (Citations and punctuation omitted.) *Ledbetter v. Pine Knoll Nursing Home*, 180 Ga. App. 654, 655 (350 SE2d 299) (1986). As more fully discussed in Division 1, above, sufficient evidence exists

in the record to support the conclusion that claimant's diabetic condition was not the proximate cause of his injury. Therefore, even if his failure to disclose his diabetic condition constitutes "willful misconduct," this conduct would not bar his recovery for his injuries.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 28, 1989 —
REHEARINGS DENIED MARCH 14, 1989 —

*J. Thomas Vance, Robert H. Sullivan,* for appellant (case no. 77315).

*James G. Jackson, Michael D. Usry,* for appellant (case no. 77316).

*Ralph L. Van Pelt,* for appellee.