## 54137. DEPARTMENT OF TRANSPORTATION v. RUSHING.

QUILLIAN, Presiding Judge.

This appeal is brought by the Department of Transportation (DOT) from a judgment of the Superior Court of Bulloch County, which reversed the agency decision of DOT, and awarded Mr. Rushing $15,000 in replacement housing expenses as a result of condemnation of his land. *Held:*

1. DOT offered Mr. Rushing $37,145 for approximately 39 acres of his land, including his dwelling, for use as a right of way for Interstate Highway 16. DOT evaluated his 36 year old, 6 room frame dwelling, at $13,975. Under the Uniform Relocation Assistance & Real Property Acquisition Policies Act of 1970, 42 USCA § 4623 (PL 91-646, 91st Cong.), Mr. Rushing would also be entitled to the difference, if any, between the amount DOT paid for his old dwelling and the reasonable cost of comparable replacement dwellings, up to a maximum amount of $15,000. DOT estimated it would cost $26,000 for a comparable replacement dwelling. Thus, they offered to pay Mr. Rushing an additional $12,000 in relocation assistance costs. Mr. Rushing declined the offer.

DOT instituted condemnation proceedings. The jury rendered a verdict of $80,000 as just and adequate compensation for the Rushing property. There was no breakdown as to valuation of the land taken and the dwelling. Mr. Rushing then filed for relocation assistance under Code Ann. § 95A-623 (Ga. L. 1973, pp. 947, 1029) which implemented the federal Relocation Assistance Act, 42 USCA § 4623. DOT determined that he was not entitled to any additional replacement housing expenses.

Mr. Rushing appealed for an administrative review of DOT's decision. A hearing was conducted and the hearing officer, using federal guidelines and policies, determined Mr. Rushing was not entitled to any additional housing expense. He found as a fact that Mr. Rushing had been awarded $30,098 for his residence and one acre of land homesite. He further found the cost of comparable replacement housing was $30,000, and the jury had awarded $98 more than necessary for Mr. Rushing to purchase a comparable replacement dwelling.

Mr. Rushing appealed to the commissioner of DOT, who affirmed the decision of the hearing officer. Mr. Rushing then filed a petition for judicial review in the Superior Court of Bulloch County. The court reversed the final agency decision and awarded Mr. Rushing $15,000 in replacement housing expenses — the maximum amount allowed by law. The judge, in his conclusions of law, stated: "It appears to this writer that the purpose of 42 USCA Sec. 4623 is to relocate the owner in housing equivalent to that from which he was dispossessed without regard to payment for the market value of the property taken." DOT brings this appeal. We reverse.

The Act provides in pertinent part: "(a)(1) In addition to payments otherwise authorized by this sub-chapter, the head of the Federal agency shall make an additional payment not in excess of $15,000 to any displaced person . . . Such additional payment shall include the following amounts: (A) The amount, if any, which *when added to the acquisition cost of the dwelling acquired by the Federal agency,* equals the reasonable cost of a comparable replacement dwelling . . ." 42 USCA § 4623 (Emphasis supplied.) This sub-paragraph clearly requires the

amount of relocation assistance to be computed by adding it "to the acquisition cost of the dwelling acquired." The hearing officer found the cost of "available comparable housing" not to be in excess of $30,000. Thus, the amount to which Mr. Rushing would be entitled is "[t]he amount, if any, when added to the acquisition cost of the dwelling acquired by the Federal agency . . ." which would equal $30,000. 42 USCA § 4623 (a) (1) (A), supra.

Unfortunately no one knows exactly the amount of the acquisition cost of the old Rushing dwelling as the jury returned one condemnation price, $80,000, for the dwelling and the 39 acres of land. However, the federal government has a formula that it uses to determine such matters. Can it be applied to this acquisition? Yes. Fortunately, Congress in its wisdom, foresaw that problems might arise and specifically stated in 42 USCA § 4623 (a) (1) (A): "All determinations required to carry out this subparagraph [on computation of Relocation Assistance amounts] shall be made in accordance with standards established by the head of the Federal agency making the additional payment." Not to be outdone, the Georgia legislature, in its wisdom, saw fit to state: "In acquiring real property for any Federal-aid highway project . . . the costs of which are financed in whole or in part from Federal funds . . . the department shall be guided by the land acquisition policies required by . . . the Uniform Relocation Assistance and Real Property Acquisition Policies Act. . ." Code Ann. § 95A-623 (b).

The hearing officer for DOT used the formula promulgated by the federal government: "Where a dwelling is located on a tract larger than normal for residential use in the area, the maximum replacement housing payment shall be determined by estimating the value of the dwelling at the present location on a homesite typical in size for the area and deducting this amount from the selling price of a comparable dwelling on a site typical for the area." 23 CFR § 740.72 (h) (2). This procedure is known as "a carve-out."

DOT filed this formula with the hearing officer, which showed that the jury verdict amounted to an evaluation of $30,098 for Mr. Rushing's dwelling, and as comparable dwellings for that area were estimated at

$30,000, he had been paid $98 more than comparable housing, thus was not due any amount.

2. This action was filed under provisions of the Georgia Administrative Procedure Act — Code Ann. § 3A-101 et seq. (Ga. L. 1964, p. 338 et seq.) Our Code provides that when a superior court reviews an administrative decision: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because" the agency decision was not in compliance with designated criteria. Code Ann. § 3A-120 (h) (Ga. L. 1964, pp. 338, 354; 1975, pp. 404, 410).

This court held in *Georgia Real Estate Commission v. Hooks,* 139 Ga. App. 34, 35 (227 SE2d 864): "The standard of review utilized by superior courts of hearings held under the Georgia Administrative Procedure Act . . . was clearly defined in *Ga. Dept. of Human Resources v. Holland,* 133 Ga. App. 616 (211 SE2d 635). Therein this court held that the findings of a state board are binding on appeal unless wholly unsupported. The 'clearly erroneous' criterion of Code Ann. § 3A-120 (h) (5) . . . for judicial review has been held to be the same as the 'any evidence rule,' which has long been binding on Georgia's appellate courts."

Accordingly, the superior court's duty was to determine whether there was "any evidence" to support the findings of the hearing officer, as affirmed by the final agency decision, and whether Mr. Rushing's rights had been prejudiced because of a violation of the criteria of Code Ann. § 3A-120 (h), supra.

It is evident that the trial court placed an incorrect interpretation upon the federal law and reached an erroneous conclusion. This case must be returned for review by the trial court in accordance with Code Ann. § 3A-120 (h), and not inconsistent with this opinion.

*Judgment reversed and remanded with direction. Shulman and Banke, JJ., concur.*

ARGUED JULY 11, 1977 — DECIDED SEPTEMBER 9, 1977.

*Arthur K. Bolton, Attorney General, Michael E. Hobbs, Assistant Attorney General,* for appellant.

*Anderson & Sanders, Cohen Anderson, Faye Sanders,* for appellee.