67620. GEORGIA POWER COMPANY v. BRASILL.

DEEN, Presiding Judge.

In this workers' compensation case Georgia Power Company, employer/insurer, appeals from the Putnam County Superior Court's affirmance of an award of the State Board of Workers' Compensation. Appellant alleges that the court erred in substituting itself for the Board as fact finder, in considering an issue not raised below, in approving a change of physicians contrary to the provisions of OCGA § 34-9-200 (Code Ann. § 114-501), and in thereby basing its decision on an erroneous legal theory.

In January 1981 appellee Brasill, a senior instrument technician with Georgia Power, sustained a groin injury while proceeding hurriedly through his workplace to obtain a needed piece of equipment from another area. As a consequence of the injury, he consulted a company-approved physician, and his medical bills were paid under Workers' Compensation. Brasill was able to resume work after a short interval but continued to exhibit symptoms for which he consulted additional physicians, all from the company-approved panel. In October 1981 a company-approved urologist stated that in his opinion the most recent symptoms were the result not of the January injury but of an underlying chronic condition. Brasill was thereupon informed that any future medical expenses should be submitted under group

insurance rather than under Workers' Compensation. Still feeling a need for further consultation and treatment, however, Brasill consulted a Dr. Darugar, whose name was not on the company panel, and submitted a workers' compensation claim.

After a hearing, an Administrative Law Judge (ALJ) found in her award that appellee had not been authorized to consult Dr. Darugar, and disallowed the expenses thereby incurred. In the next paragraph of the award, however, the ALJ authorized appellee to consult Dr. Darugar and directed the employer/insurer to pay future medical expenses. The full Board adopted the ALJ's findings, and Georgia Power appealed to the Putnam County Superior Court. The court affirmed the Board's award on the theory that there had existed an emergency, as provided in OCGA § 34-9-200 (f), which would justify the Board's ordering a change of physicians without the ten days' notice required by OCGA § 34-9-200 (d). *Held*:

1. The ALJ was in error when she based her award on the fact that the claimant had to see a company doctor and therefore disallowed the past medical bills of Dr. Darugar because claimant did not get permission to see a doctor who was not on the company list. OCGA § 34-9-200 (former Code Ann. § 114-501) is inapplicable.

When the employer cut him off from receiving medical benefits, claimant was entitled to see any doctor if he could prove he was still injured at the time as a result of the accident. The latter was proven by him. The cited code section presupposes present treatment is being allowed and is appropriate only if existing medical assistance still continues and one has not been cut off by the employer, which is not the case here.

2. The judgment must be reversed with direction that it be remanded to the Board for correction of that portion of the award that did not give claimant the medical benefits for that period when he first went to Dr. Darugar.

3. That portion of the award that allowed the claimant the rest of Dr. Darugar's bill was correct.

*Judgment reversed. McMurray, C. J., and Sognier, J., concur.*

DECIDED JUNE 26, 1984 —
REHEARING DENIED JULY 11, 1984 —

*H. Clifton Woodson*, for appellant.
*George D. Lawrence*, for appellee.