42120. BOAZ v. K-MART CORPORATION.
(334 SE2d 167)

CLARKE, Justice.

This is a workers' compensation case. The Court of Appeals denied the claimant's application to appeal an order of the superior court reversing in part an award of the Board of Workers' Compensation and we granted certiorari directing the appeal to be filed in this court. The issue involved is whether the employer, K-Mart, was relieved of liability for medical expenses by the fact that the claimant-employee obtained treatment from physicians not approved by K-Mart. Upon a review of the facts of this case and the administrative findings, it is our judgment that the employer is not relieved of liability and the order of the superior court must be reversed.

Boaz sustained a compensable on-the-job injury to his lumbar spine on July 5, 1980, while employed by K-Mart. He was treated by the company-approved physician, Dr. Spillman, who diagnosed the problem as a herniated disc. Dr. Spillman discharged Boaz as a patient and authorized a return to work on September 2, 1980. Boaz returned to work at K-Mart and was terminated from employment for other reasons on May 25, 1981.

Boaz then wrote the board for a hearing complaining that his back was still bothering him from the earlier injury at K-Mart and that he was unable to secure work because of disability. Prior to the hearing Boaz consulted Dr. Ronald Koenig at the request of his counsel. His examination revealed a lumbar spine problem with radiating

pain and numbness. A hearing was held on October 21, 1981, before the administrative law judge. K-Mart contended that Boaz had no residual problems from the July 1980, injury.

On March 3, 1982, the administrative law judge issued an award in favor of Boaz. He found that Boaz was still suffering lumbar spinal difficulties which prohibited him from working and that he had been released by Dr. Spillman, the company physician, as "cured" in September of 1980. A finding of total disability as of May 26, 1981, was made and an economic award of total disability was issued. K-Mart appealed and the award was affirmed by the Board and the superior court. Boaz secured other employment from January 1982, until May of 1982 when he was terminated. He filed another change of condition application for workers' compensation and after a hearing on December 2, 1982, benefits were denied, the administrative law judge finding insufficient evidence of change of condition as of May 1982.

In early 1983 Boaz began to have more severe back problems which resulted in two spinal operations and which was the subject of another change in condition hearing and award which is the basis of this appeal.

The hearing before the administrative law judge was held on October 4, 1983. At the onset of the hearing the court announced that she would take judicial notice of the evidence presented at the two prior hearings. The ALJ found that the back and spinal condition worsened around March of 1983 and included pain and loss of use in claimant's arms. Dr. Koenig scheduled Boaz for a myelogram and referred him to a neurosurgeon, Dr. Achecar. Surgery for the lumbar disc was performed on June 3, 1983 and a cervical fusion and diskectomy were performed in July 1983. The award finds that all of the surgical and spinal problems were attributable to the injury at K-Mart in July 1980. It also finds that because the company physician had discharged Boaz from treatment as cured while in fact he was still suffering from his work related injury, and the employer was disputing the claim, Boaz was justified in going to Dr. Koenig for treatment.

Counsel for Boaz had received a letter from opposing counsel, advising that if further treatment were needed the claimant should return to Dr. Spillman, the company physician. This communication was on June 1, 1983, while Boaz was in the hospital for surgery performed on June 3, 1983. The ALJ found that since the services of Dr. Koenig had been previously engaged, the claimant was not required to change physicians again.

The award was for total economic disability from March 1, 1983, until altered or terminated by law. On medical, the award orders K-Mart to pay a list of medical expenses, including the hospital and surgical bills incurred in June of 1983, and to reimburse claimant for

medical expenses previously paid to Dr. Koenig. Finally, the award orders K-Mart to furnish all medical, hospital and rehabilitative care reasonably required to prepare the claimant for employment.

K-Mart appealed the award to the full board which upon de novo consideration adopted the findings and conclusions of the ALJ. An appeal was then filed in the superior court.

1. The superior court found that the ALJ had erred when she took judicial notice of and considered the evidence from the two prior hearings because the results of that hearing were res judicata. There was no medical award at either of these prior hearings although there was medical evidence offered in support of the claims. The court also found no evidence to support the finding that Boaz had been dismissed by Dr. Spillman while suffering from a work related injury which would authorize treatment by the physician of claimant's claims. The court concluded that under the decision of *K-Mart Corp. v. Anderson,* 166 Ga. App. 421 (304 SE2d 526) (1983), it was error in this case to award compensation for medical treatment by Dr. Koenig and Dr. Achecar and reversed the award for accrued medical expenses. The superior court affirmed the finding of total disability based on the lumbar disc problem, but reversed the conclusion that the cervical spine problem was also caused by the work injury on the grounds that there was no evidence to support the diagnosis as to the cervical problem. The court affirmed that part of the award requiring K-Mart to furnish reasonable medical and rehabilitative care.

In *K-Mart Corp. v. Anderson,* supra, the claimant was being treated by physicians on a panel maintained by the employer for her work related injury. She was not satisfied with the company doctors and went for treatment to her private physician. The court held that the employer was not required to pay for the unauthorized medical treatment because they were not authorized by statute, OCGA § 34-9-201 (c) and the statute gave adequate relief which she did not pursue which was a petition to the Board for change of physician or treatment. OCGA § 34-9-201 (d). *K-Mart v. Anderson,* supra. This court reached a similar result in *Holcombe v. Brown Transport Corp.,* 253 Ga. 719 (324 SE2d 446) (1985), holding the employer was not liable for medical expenses which were not authorized when no emergency existed and the employee sought outside treatment even though his request to do so was turned down by the employer. However, as in *Anderson,* supra, we held that the employee should have petitioned the board. The employee was currently receiving treatment from an employer-selected physician for an on-the-job injury which the employer must furnish under OCGA § 34-9-200. Here the administrative law judge found the employee had been dismissed from treatment as cured even though still in need of treatment. Following the termination of employment, the employer resisted all claims on the ground

that any present problems were not related to the employment.

The law of workers' compensation generally requires that the employee will be liable for non-authorized treatment if the expenses are incurred without giving the employer an opportunity to furnish treatment; if the employer does not adequately meet the duty of providing treatment the employee may make other arrangements and once treatment by a physician is undertaken an employer may not change positions and cut off the right to continue such treatment. Larson, The Law of Workmen's Compensation, Vol. 2, Sec. 61.12.

We agree with appellant that the facts of this case are controlled by *Ga. Power Co. v. Brasill*, 171 Ga. App. 569 (320 SE2d 573) (1984), affirmed by this court in *Ga. Power Co. v. Brasill*, 253 Ga. 766 (327 SE2d 226) (1985). There the employee was treated by a company-approved physician who then discharged him from treatment because in his opinion the continuing symptoms were not work-related. In holding the employer liable for expenses of a non-authorized physician consulted by the claimant-employee the court said "When the employer cut him off from receiving medical benefits, claimant was entitled to see any doctor if he could prove he was still injured at the time as a result of the accident." *Ga. Power Co. v. Brasill*, supra at 570. This holding and the underlying policy are consistent with Rule 201 of the Rules and Regulations of the State Board of Workers' Compensation as amended July 1, 1983, which provides: "(a) The panel shall consist of at least three nonassociated physicians (a group, professional association, or professional corporation shall be counted as one physician). The board reserves the right to allow exceptions where warranted upon written application and approval. All exceptions must be posted. (b) The employer/insurer cannot restrict treatment of claimant to the panel physicians where they have controverted the claim." Accordingly, it is the judgment of this court that the award of the board for medical expense incurred with Dr. Koenig and the surgeon to whom he referred Boaz, Dr. Achecar, should be affirmed.

From the record before this court, we are unable to determine the time at which the expenses were incurred. The res judicata effect of a workers' compensation claim does not operate to bar litigation of and recovery for events occurring subsequent to the hearing on the issues. *Carriers Ins. Co. v. McConnell*, 141 Ga. App. 44 (232 SE2d 606) (1977). The second hearing in this case was held on December 2, 1982, and the affirmance of medical expenses is limited to those expenses incurred after that date.

2. We also hold that the finding of the ALJ and the board that the cervical spine problem is related to the original injury and therefore compensable must be affirmed under the any evidence rule. The employer contends that the superior court was correct in reversing on

this issue because the only medical evidence supporting the claim was in a report by Dr. Achecar which was introduced in evidence at a prior hearing, but not introduced in the last hearing. It is contended that the ALJ erred in taking judicial notice of the evidence of the prior hearings. We must disagree.

As stated above, the ALJ announced at the onset of the hearing that she would take judicial notice of the evidence of the other hearings. No objection was made by either side. We find no error in this practice which promotes judicial economy. We have held that a trial court can take judicial notice of records on file in its court. *Petkas v. Grizzard*, 252 Ga. 104 (312 SE2d 107) (1984).

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 12, 1985.

*George & George, William V. George, Lavinia B. George,* for appellant.
*Robert L. Kiser,* for appellee.