74259. PRITCHARD SERVICES et al. v. LETT.
(358 SE2d 842)

POPE, Judge.

On May 21, 1984 claimant appellee Ruby Lett sustained back injuries while on the job and sought treatment from a doctor at her employer's approved medical clinic. Although she was treated through June 1, 1984, she was released as able to return to normal work as of the date of injury. The claimant requested to see another doctor for a second opinion because she was in too much pain to return to work, and her employer made an appointment for her to be examined by the second approved physician on the posted list. However, claimant cancelled the appointment and instead sought treatment from an unauthorized doctor of her own choice. Claimant did not return to work and received physical therapy treatments daily from the doctor, including hospitalization for further treatment on August 13, 1984. On August 27, 1984 she was again examined by another of the employer's doctors and declared capable of resuming normal work duties. When the claimant requested total disability benefits while continuing treatment by her doctor, the appellants (claimant's employer and its insurer) controverted the claim by filing a WC-1 form in compliance with OCGA § 34-9-221 (d), stating as grounds therefor that there was "[n]o disability beyond waiting period."

A hearing was held on October 1, 1984 before the administrative law judge (ALJ), who ruled that claimant had sustained her burden of proving that she was injured on the job and experienced total disability to work from May 22 through August 27, 1984. Appellants were

ordered to pay disability compensation for this period and to reimburse claimant for all medical expenses because they had controverted her claim. Upon appeal to the State Board of Workers' Compensation, the award of the ALJ was affirmed on February 8, 1985. The Board further ruled that because claimant's doctor had continued her treatment of bed rest and therapy on the day following her examination and release to work by the employer's doctor, and because she was still disabled to work at that time, total disability compensation would be continued until altered or terminated by law. This award was appealed to the superior court on the grounds that the Board acted without and in excess of its powers; that the facts found by the Board did not support the award; and that the evidence was insufficient to support the award. The court affirmed the disability compensation, but reversed and remanded for determination by the Board as to what portion, if any, of the claimant's doctor's medical expenses should be the responsibility of the appellants.

On January 21, 1986 the Board affirmed its findings of February 8, 1985, except for holding that the claimant's medical expenses prior to the controvert of the claim were her responsibility because there was a posted panel of physicians at her workplace. This award was again appealed to the superior court, which affirmed, holding that since it was clear that the claim was controverted after the claimant had sought medical treatment on her own, pursuant to Rule 201 (b) of the State Board of Workers' Compensation the claimant was free to seek any medical care she desired after the controvert, and such expenses were appellants' responsibility under *Boaz v. K-Mart Corp.*, 254 Ga. 707 (334 SE2d 167) (1985). *K-Mart Corp. v. Anderson*, 166 Ga. App. 421 (304 SE2d 526) (1983), upon which appellants relied, was distinguished on the basis that "there was no controvert of the claim similar to the controvert in the case *sub judice.*" We granted appellants' application for discretionary appeal in an attempt to clarify the diverse resolutions in recent cases involving medical expense liability.

Appellants contend on appeal that requiring them to pay the claimant's post-controvert unauthorized medical expenses is contrary to OCGA § 34-9-201 (c) and this court's ruling in *Scandrett v. Talmadge Farms*, 174 Ga. App. 547 (330 SE2d 772) (1985). We disagree. The ruling in *Scandrett* was based upon evidence that the employee had been completely cured when she sought treatment from her doctor of choice, which thus did not authorize a finding of *continuing* total disability. To the contrary in the instant case, the evidence showed that the claimant's disability and the treatment necessitated thereby were still continuing.

*K-Mart Corp. v. Anderson*, supra, is also distinguishable in that the employee was treated by all three of the authorized panel of phy-

sicians and *in addition thereto* sought treatment from her personal doctor. This court determined on appeal that this was "precisely one type of action for which [OCGA § 34-9-201 (c)] absolves the employer of liability for cost of treatment. [Claimant] could and should have petitioned the Board for a change of physician. OCGA § 34-9-201 (d). . . . No evidence of an emergency or similarly justifiable reason having been presented, the superior court should have reversed the Board's award for the expenses incurred for the unauthorized medical services." Id. at 423.

The employer is likewise not responsible for medical expenses where the employee makes no effort to select from a properly posted panel of physicians, but instead chooses his own doctor and is treated before the employer files a notice to controvert. *ITT-Continental Baking Co. v. Powell*, 182 Ga. App. 533 (2) (356 SE2d 267) (1987); *State of Ga. v. Tungler*, 181 Ga. App. 21 (351 SE2d 248) (1986); *Ledbetter v. Pine Knoll Nursing Home*, 180 Ga. App. 654 (2) (350 SE2d 299) (1986).

Thus, we agree with the superior court that the disposition of this case is controlled by *Boaz v. K-Mart Corp.*, supra, and *Georgia Power Co. v. Brasill*, 171 Ga. App. 569 (320 SE2d 573) (1984). In *Brasill*, the court through Presiding Judge Deen (who was also the author of *K-Mart Corp. v. Anderson*, supra) reversed an award not allowing payment of past medical bills because the claimant did not get permission to see a non-posted doctor, stating: "When the employer cut him off from receiving medical benefits, claimant was entitled to see any doctor if he could prove he was still injured at the time as a result of the accident. The latter was proven by him. [OCGA § 34-9-200 (d), authorizing the Board to order a change of physician after giving notice and allowing an objection to be filed,] presupposes present treatment is being allowed and is appropriate only if existing medical assistance still continues and one has not been cut off by the employer, which is not the case here." *Brasill*, supra at 570.

Here also, as in *Boaz v. K-Mart Corp.*, supra, which followed *Brasill*, supra, the ALJ found that the employee had been dismissed from treatment as cured even though still in need of treatment, and thus was justified in going to a physician of her choice. In affirming the award in *Boaz* the Supreme Court stated: "The law of workers' compensation generally requires that the employee will be liable for non-authorized treatment if the expenses are incurred without giving the employer an opportunity to furnish treatment; if the employer does not adequately meet the duty of providing treatment the employee may make other arrangements and once treatment by a physician is undertaken an employer may not change positions and cut off the right to continue such treatment. [Cit.]" Id. at 710. As this court recognized in *State of Ga. v. Tungler*, supra at 23: "Implicitly the

Supreme Court held that by an employer-approved physician releasing Boaz back into the work force as 'cured,' the employer had not adequately met its duty of providing treatment to the employee since the employee was able to prove that his subsequent medical problems were related to his work-related injury. . . . Under *Boaz, if* an employee can show his symptoms emanate from a work-related injury, an employer cannot both controvert the employee's claim for benefits *and* demand that the employee accept treatment only from a panel physician who asserts the employee is cured of his work-related injury." (Indention omitted.)

We also note that the appellants' notice to controvert was filed in response to the claimant's request for income benefits and based on the premise that no disability existed. As pointed out by this court in *ITT-Continental Baking Co. v. Powell*, supra, "[a] distinction must be recognized between income benefits and medical expenses. Income benefits are to be paid automatically once the employer is notified of the injury, unless the employer in return informs the employee by means of a notice to controvert that in its view the injury is not compensable . . . [under] OCGA § 34-9-221. Employer-liable medical expenses, on the other hand, initiate with the services of a physician selected from the approved list (except when justified otherwise) as required by OCGA § 34-9-201 (c). When the expenses arise from treatment by one not on the approved list, nothing would trigger a decision to pay these expenses or controvert liability for them until the employer is informed of their incurrence." (Indention omitted.) Id. at 535.

It is apparent from the record in this case that appellants intended to include both income benefits and medical expenses in the initial notice to controvert, although all issues were settled prior to this appeal except the medical benefits. The evidence was ample to support the conclusion reached by all the factfinding tribunals that the claimant continued to suffer from her disabling work-related injuries subsequent to her release by the appellants' doctors. Thus appellants failed to adequately meet their duty of providing treatment and must be held responsible for the medical expenses incurred by the claimant after the controvert was filed. *Boaz v. K-Mart Corp.*, supra; *Georgia Power Co. v. Brasill*, supra.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED MAY 27, 1987 —
REHEARING DENIED JUNE 16, 1987 — ▮

*Mark J. Goodman*, for appellants.

*Irwin M. Levine*, for appellee.