## A89A0679. BEL ARBOR NURSING HOME v. JOHNSON.
(385 SE2d 667)

CARLEY, Chief Judge.

Appellee-employee sought and received medical treatment from physicians who were not members of the "panel of physicians" maintained by appellant-employer. The issue presented for resolution in this appeal is whether appellee is entitled to workers' compensation medical benefits for that treatment. The Full Board awarded those benefits to her, relying upon *Georgia Power Co. v. Brasill*, 171 Ga. App. 569 (320 SE2d 573) (1984), aff'd 253 Ga. 766 (327 SE2d 226) (1985). On appeal to the superior court, the award was affirmed. This Court granted appellant's application for a discretionary appeal from the superior court's affirmance of appellee's award.

After reviewing the record, we find that this case is controlled by *Georgia Power Co. v. Brasill*, supra, and *Boaz v. K-Mart Corp.*, 254 Ga. 707 (334 SE2d 167) (1985). Here, as in those cases, the Full Board was authorized to find that, although appellee had been receiving treatment from a physician who was on appellant's approved panel, she "had been dismissed from treatment as cured even though still in need of treatment, and thus was justified in going to a physician of her choice." *Pritchard Svcs. v. Lett*, 183 Ga. App. 298, 300 (358 SE2d 842) (1987). If "an employer-approved physician releas[es] [an employee] back into the work force as 'cured,' the employer [has] not adequately met its duty of providing treatment to the employee [if] the employee [is] able to prove that his subsequent medical problems were related to his work-related injury." *State of Ga. v. Tungler*, 181 Ga. App. 21, 23 (351 SE2d 248) (1986). Since the award of the Full Board was supported by "any evidence," an affirmance by the superior court was mandated.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JULY 10, 1989 —
REHEARING DENIED JULY 25, 1989 —

*McLain & Merritt, Jeffrey E. Hickcox*, for appellant.
*Tommy C. Mann, G. Sam Burnette*, for appellee.