A93A1534. NU SKIN INTERNATIONAL, INC. et al. v. BAXTER.
(438 SE2d 130)

JOHNSON, Judge.

Nu Skin International and its insurer, Continental Insurance Company, appeal from the superior court's reversal of an award of the State Board of Workers' Compensation.

Janet Baxter suffered an on-the-job injury, the compensability of which was not disputed by her employer, Nu Skin International. In-

deed, Nu Skin promptly commenced and continued payment of income benefits to Baxter before the hearing on her claim. Before and after filing her workers' compensation claim, Baxter sought treatment from providers who were not included on Nu Skin's panel of physicians. When Nu Skin refused to pay these expenses, Baxter requested a hearing. With the exception of emergency room expenses, the administrative law judge found that payment of the bills for unauthorized medical treatment by non-panel physicians was not the employer's responsibility. Baxter appealed to the Full Board, which affirmed the ALJ's decision. The superior court reversed on the basis of an error of law, holding that because Nu Skin "controverted" Baxter's claim, she was free to seek treatment from non-panel physicians pursuant to Rule 201 (b) of the Rules and Regulations of the State Board of Workers' Compensation. Apparently the trial judge accepted Baxter's argument, made again in this appeal, that because Nu Skin circled the "Notice to Controvert" section on the WC-1 form, Baxter was free to seek medical care from whomsoever she chose. We reverse.

In reversing the award by the Full Board, the superior court judge has erroneously equated an employer's refusal to pay an unauthorized medical expense with "controverting" the claim. The two are not the same. When an employer controverts a claim, it informs the employee that in its view the injury is not compensable. *ITT-Continental Baking Co. v. Powell*, 182 Ga. App. 533, 535 (2) (356 SE2d 267) (1987). When an employer refuses to pay for treatment by a physician not on the approved panel, it does not controvert the compensability of the claim as contemplated by Rule 201 (b); it simply asserts its rights under OCGA § 34-9-201 (c). On the Notice to Controvert section of the WC-1 form, there is a space provided for the employer to explain why the benefits it contests will not be paid. In this space Nu Skin clearly asserted its right to refuse to pay for medical care provided by persons not on the panel list when it expressly wrote "[e]mployee did not seek authorized medical treatment as provided by the employer." Because Nu Skin did not otherwise "controvert" the claim, Rule 201 (b) does not apply.[1] Therefore, pursuant to OCGA § 34-9-201 (c), Nu Skin is not responsible for the unauthorized charges. The ALJ and the Full Board were correct and should have been affirmed. We find no error of fact or law in the Full Board's decision.

---

[1] The cases upon which Baxter relies regarding this rule are inapposite. Unlike the instant case, *Boaz v. K-Mart Corp.*, 254 Ga. 707 (334 SE2d 167) (1985) and *Ga. Power Co. v. Brasill*, 171 Ga. App. 569 (320 SE2d 573) (1984), involve payment of medical expenses when entitlement to income benefits was controverted. For a discussion of the distinction between income benefits and medical expenses, see *ITT-Continental Baking Co. v. Powell*, supra at 535 (2).

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 8, 1993 —
RECONSIDERATION DENIED NOVEMBER 19, 1993.

*Joe O'Connor,* for appellants.
*Fink & Travis, David H. Fink,* for appellee.