A94A2495. ENVIRONMENTAL WASTE REDUCTIONS, INC.
v. LEGAL ENVIRONMENTAL ASSISTANCE FOUNDATION,
INC.
A94A2496. REHEIS v. LEGAL ENVIRONMENTAL
ASSISTANCE FOUNDATION, INC.
(455 SE2d 393)

JOHNSON, Judge.

Environmental Waste Reductions, Inc. ("EWR") applied to the Environmental Protection Division ("EPD") of the Georgia Department of Natural Resources ("DNR") for a permit to build and operate a biomedical waste disposal facility in Quitman County. Finding that EWR's application met the requirements of Georgia's Comprehensive Solid Waste Management Act ("the Act") and the administrative regulations promulgated thereunder, the EPD, of which appellant Reheis is director, issued the permit. See OCGA § 12-8-20 et seq. Several residents of Quitman County and the Legal Environmental Assistance Foundation, Inc. ("LEAF"), challenged the issuance of the permit and appealed to DNR, arguing that EWR failed to demonstrate a need for the facility and that it failed to show that the jurisdictions that would be using the facility complied with state-wide plans to reduce waste. See OCGA § 12-8-24 (b) (1), (g). After a hearing, the administrative law judge affirmed the issuance of the permit, finding that there was a need for the facility and that there was no showing that planning requirements had not been met. LEAF appealed the decision to superior court. The superior court reversed the administrative decision, finding that EWR failed to comply with the need and planning requirements of the Act. We granted the applications of EWR and Reheis for discretionary review of the superior court's decision. EWR appeals in Case No. A94A2495; Reheis appeals in Case No. A94A2496.

In Case No. A94A2495, EWR argues the superior court erred in: (1) reversing the ALJ's decision because there was no error of law or abuse of discretion; (2) failing to apply the proper standard of review to the ALJ's decision; (3) ruling that the ALJ should have considered a Bibb County facility's capacity in determining whether the need requirement of OCGA § 12-8-24 (b) (1) was met; (4) ruling that a Bibb County ordinance restricting the importation of waste from other counties was preempted by OCGA § 12-8-20 et seq.; (5) reversing the ALJ's finding that the planning requirements of OCGA § 12-8-24 (g) are merely threshold requirements for issuance of a permit; (6) imposing conditions on the EWR permit to accept waste only from jurisdictions that have complied with the planning requirements; (7) reversing the ALJ's decision rather than remanding the case or modifying the permit; and (8) applying the Act so as to interfere with the movement of solid waste in violation of the Commerce Clause of the Con-

stitution of the United States.

Case No. A94A2496 presents nearly identical issues. In this case, Reheis argues the superior court erred in: (1) disregarding a Bibb County ordinance that placed limitations on the importation of waste from other counties; (2) reversing the issuance of the permit based on a finding that the planning requirements were not threshold requirements; (3) reversing the issuance of the permit rather than imposing limitations on the permit; and (4) disregarding the "any evidence" standard of reviewing the ALJ's decision. Inasmuch as the issues in these appeals overlap, the cases will be analyzed together.

We are cognizant of a ruling from a federal court which may affect our consideration of these appeals. In addition to its action in superior court, EWR filed an action against Reheis in the United States District Court for the Northern District of Georgia seeking declaratory and injunctive relief asserting that the need and planning requirements of the Act unconstitutionally restrict the interstate movement of waste in violation of the Commerce Clause. *Environmental Waste Reductions v. Reheis*, Civil Action No. 1:94-CV-1498-FMH, decided October 28, 1994. The federal court agreed, finding that the need provision set forth in OCGA § 12-8-24 (b) (1) is unconstitutional because it violates the Commerce Clause. The court also found that the planning requirements in OCGA §§ 12-8-24 (g) and 12-8-31.1 (e) violate the Commerce Clause to the extent they require the applicant to verify that out-of-state jurisdictions are involved in, and have a strategy for, meeting state-wide planning requirements and waste reduction goals. The federal court permanently enjoined Reheis from enforcing the need and planning requirements against EWR. The order was not appealed and is now final.

1. A ruling by a federal trial court is persuasive, not binding, on this court. See *Delaney v. Lakeside Villa, Ltd.*, 210 Ga. App. 430, 431 (3) (440 SE2d 668) (1993); *Security Mgmt. Co. v. King*, 132 Ga. App. 618, 619 (1) (b) (208 SE2d 576) (1974). Here, however, the federal court decision directly affects the parties to the cases before us. The federal order specifically prohibits Reheis from denying EWR a permit based on its alleged failure to satisfy the need and planning requirements of the Act. While the district court's determination that the statute is unconstitutional is not binding on this court, it is binding on Reheis. See generally OCGA § 9-12-40. Thus, to the extent the district court's decision compels Reheis to issue the permit to EWR, the appeals regarding that issue are rendered moot. The appeals are not entirely moot, however, because Reheis' dilemma, caused by opposing directives, one from the superior court and the other from the federal court, could potentially be resolved here. Compare *Kappers v. DeKalb County Bd. of Health*, 214 Ga. App. 117 (446 SE2d 794) (1994). Moreover, the parties and the issues in the cases are not iden-

tical, rendering traditional principles of estoppel by judgment and res judicata inapplicable. See *Miller v. Charles*, 211 Ga. App. 386, 387 (439 SE2d 88) (1993). Accordingly, we must address the merits of the appeals.

2. EWR and Reheis correctly contend that the superior court erred in reversing the ALJ's determination that EWR demonstrated a need for the facility. Before being approved for a permit, EWR was required to demonstrate to EPD's director "that a need exists for the facility . . . by showing that there is not presently in existence within the state sufficient disposal facilities for biomedical waste being generated or expected to be generated within the state." OCGA § 12-8-24 (b) (1). In a hearing lasting five days, the ALJ heard testimony from numerous expert witnesses and was presented with hundreds of pages of documents regarding the amounts of biomedical waste being generated each day by Georgia's hospitals, nursing homes and medical laboratories. He was also presented with an abundance of evidence regarding the state's present capacity to dispose of biomedical waste based on the capacity of existing commercial incinerators, landfills and hospitals. In a lengthy and well-reasoned decision, the ALJ found that Georgia's need for biomedical waste disposal exceeded its capacity and, applying the agency's regulations and the statutory standards, affirmed the director's issuance of the permit because, in his opinion, a need for EWR's facility had been demonstrated. The question of whether the need for the facility exists is one of fact. In reviewing the decision of an administrative agency, the court is not permitted to substitute its judgment for that of the agency regarding the weight of the evidence. OCGA § 50-13-19 (h); *Sawyer v. Reheis*, 213 Ga. App. 727, 728 (1) (445 SE2d 837) (1994). Review of evidentiary matters by the superior court is limited to a determination of whether the facts found by the ALJ are supported by any evidence. Id. at 729; see *Dept. of Transp. v. Rushing*, 143 Ga. App. 235, 238 (2) (237 SE2d 722) (1977). The record amply supports the ALJ's finding that the need for the facility was shown. *Chatham County Hosp. Auth. &c. v. St. Joseph's Hosp.*, 178 Ga. App. 628, 629 (344 SE2d 463) (1986). Therefore, the superior court erred in reversing the ALJ's finding on this issue.

LEAF argues that the ALJ committed a legal error by failing to consider the disposal capacity of the Medical Center of Central Georgia ("MCCG"), located in Bibb County, in determining whether a need for EWR's proposed facility exists. The ALJ stated at the hearing that Reheis correctly excluded MCCG's capacity in determining need because the Bibb County Code does not allow waste generated in other counties to be disposed of in Bibb without a special permit. Because out-of-county waste generators are not assured use of the Bibb County facility, the ALJ's exclusion of the facility as not readily

available is reasonable. LEAF argues that the facility should have been considered because Bibb County's ordinance conflicts with and is preempted by the Act. The preemption argument was not raised or ruled upon in the administrative proceeding and therefore the superior court's ruling thereon need not be reviewed on appeal. See *Ga. Pub. Svc. Comm. v. Southern Bell*, 254 Ga. 244, 247 (327 SE2d 726) (1985). In any event, the Act specifically authorizes local governments to impose further restrictions on the handling of waste provided they do not conflict with the Act. OCGA § 12-8-30.9 (1). We do not believe that Bibb's requirement that those seeking to import waste first receive a permit conflicts with the Act. "The interpretation of a statute by an administrative agency which has the duty of enforcing or administering it is to be given great weight and deference. [Cits.]" *Hosp. Auth. of Gwinnett County v. State Health &c. Agency*, 211 Ga. App. 407, 408 (2) (438 SE2d 912) (1993); *Kelly v. Lloyd's of London*, 255 Ga. 291, 293 (336 SE2d 772) (1985). We find the agency's interpretation of the statute regarding need to be reasonable and legally correct. The superior court erred in failing to give the agency's interpretation the deference to which it is entitled.

3. The agency's determination regarding the planning requirements should not have been disturbed. The statute at issue provides: "*Prior* to the issuance of any permit for a solid waste handling facility or the granting of any major modification of an existing solid waste handling permit, the director shall require written verification to be furnished by the applicant that . . . the host jurisdiction and all jurisdictions generating solid waste destined for the applicants' facility can demonstrate that they are part of an approved solid waste plan developed in accordance with standards promulgated pursuant to this part and are actively involved in and have a strategy for meeting the state-wide goal of waste reduction by July 1, 1996." (Emphasis supplied.) OCGA § 12-8-24 (g). The director of the EPD and the ALJ interpreted this provision as requiring documentation of compliance with state-wide plans for waste reduction from participating jurisdictions *before* a permit may be issued. Contrary to LEAF's argument, there is nothing in the statute suggesting that the documentation requirement is continuing or that any permit issued would be conditioned upon a continuing obligation to submit planning verification. The agency's interpretation appears to be consistent with the plain meaning of the statute. Because the director is charged with primary responsibility for the state's solid waste management program, his interpretation of the Act, like the ALJ's, is entitled to great weight and deference. See *Butts County v. Pine Ridge Recycling*, 213 Ga. App. 510, 512 (1) (445 SE2d 294) (1994); *Hosp. Auth. of Gwinnett County*, supra. The superior court failed to give proper weight and deference to the director's and the ALJ's interpretation of the planning require-

ments. We find that the record supports the agency's final decision. See *Sawyer*, supra at 729 (1); see *Colquitt EMC v. City of Moultrie*, 197 Ga. App. 794, 797 (399 SE2d 497) (1990). Therefore, the judgment of the superior court is reversed and the decision of the ALJ affirming the issuance of the permit is reinstated.

*Judgment reversed. Andrews, J., concurs. Beasley, C. J., concurs in judgment only.*

DECIDED MARCH 16, 1995.

*King & Spalding, Patricia T. Barmeyer, Mary E. Huckabee,* for Environmental Waste Reductions.

*Michael J. Bowers, Attorney General, Robert S. Bomar, Senior Assistant Attorney General, Alan Gantzhorn, Brenda H. Cole, Assistant Attorneys General,* for Reheis.

*Andrew J. Smith, David Ludder,* for Legal Environmental Assistance Foundation.