A95A1183. BARNES v. CITY OF ATLANTA POLICE
DEPARTMENT.
(464 SE2d 609)

ANDREWS, Judge.

 Barnes suffered a compensable injury and resulting medical expenses while working as a City of Atlanta police officer. Pursuant to his claim for workers' compensation benefits, the administrative law judge awarded medical benefits and the Appellate Division of the State Board of Workers' Compensation adopted the award. We granted Barnes' application for a discretionary appeal from the order of the Superior Court reversing the decision of the Appellate Division.

 After the City initially controverted the compensability of Barnes' claim, it filed a WC-2 form with the Board on May 21, 1992 accepting the claim as compensable. Thereafter, the City did not controvert the compensability of the claim but only controverted payment for medical treatment it claimed was rendered by medical practitioners other than the authorized treating physician. See *Nu Skin Intl. v. Baxter*, 211 Ga. App. 32, 33 (438 SE2d 130) (1993). The City and Barnes entered into a stipulation on July 15, 1992 that Dr. Lenhart was the selected authorized treating physician. Barnes claims the stipulation contemplated that Dr. Kim, the partner of Dr. Lenhart, was also selected as an authorized treating physician.

 At issue in this case is the City's claim that medical treatment given after the stipulation by numerous medical practitioners pursuant to referrals made by Dr. Lenhart, Dr. Kim, and others was unauthorized under the provisions of OCGA §§ 34-9-200 and 34-9-201 re-

quiring Board approval for a change of physician or treatment. In *Lee Fabricators v. Cook*, 203 Ga. App. 450, 451 (417 SE2d 35) (1992), and *Brown v. Transamerica IMS*, 200 Ga. App. 272, 273-275 (407 SE2d 430) (1991), we concluded that, despite language in OCGA § 34-9-201 (c) authorizing referrals for other medical treatment by the authorized treating physician, the exclusive method for obtaining a change from the authorized treating physician or a change in treatment, including any change made by a referral from the authorized treating physician, was by Board approval pursuant to the provisions of OCGA §§ 34-9-200 (b) and 34-9-201 (d). Since Barnes admitted he did not obtain Board approval for a change in physician or treatment, the City's position was that it is only responsible for the authorized treatment rendered by Dr. Lenhart.

Relying on *Capital Atlanta v. Carroll*, 213 Ga. App. 214 (444 SE2d 592) (1994), the ALJ and the Appellate Division of the Board found that, because the City initially controverted the compensability of the claim, the provisions of OCGA §§ 34-9-200 and 34-9-201 requiring Board approval for a change in physician or treatment did not apply. On appeal, the superior court concluded *Capital Atlanta*, supra, did not apply in this case because the City rescinded its original notice controverting the compensability of the claim and at the time of the contested medical treatments had agreed to pay all income and authorized medical benefits. Accordingly, the superior court reversed the Appellate Division of the Board and remanded the case for consideration of the evidence under the requirements of OCGA §§ 34-9-200 and 34-9-201.

In *Capital Atlanta*, supra, we found Board approval for a referral by a physician on the employer's panel of approved physicians was not required because the employer had controverted the compensability of the claim at the time of the referral. Thus, at the time of the referral in *Capital Atlanta*, the employer was controverting the entire claim and refusing to pay any medical benefits. We concluded that "when the employer refuses to pay medical benefits and that refusal is later deemed unfounded, the employer cannot rely on the claimant's failure to comply with the [provisions of OCGA §§ 34-9-200 and 34-9-201 requiring Board approval for a change in physician by referral] to deny liability for claimant's medical expenses." Id. at 216-217; compare *Wright v. Overnite Transp. Co.*, 214 Ga. App. 822, 823 (449 SE2d 167) (1994) (where claimant changes physicians at a time when the employer is providing medical benefits, the provisions of OCGA §§ 34-9-200 and 34-9-201 requiring Board approval do apply). Since the City had accepted the compensability of the claim and was providing medical benefits at the time the medical treatments at issue were provided, the superior court correctly determined *Capital Atlanta*, supra, did not apply under the present facts. *Wright*, supra

at 823.

However, the amended version of OCGA § 34-9-201, effective July 1, 1994, now specifically provides that the selected primary authorized treating physician may arrange for referrals to other medical practitioners without prior authorization from the Board. The amended version, however, does not allow other medical practitioners to whom the employee is referred to arrange for additional referrals. Thus, an additional issue is whether the amended version of OCGA § 34-9-201, which did not become effective until after the ALJ issued his decision, should be applied retroactively.

"Generally statutes prescribe for the future and that is the construction to be given unless there is a clear contrary intention shown. [Cits.] On the other hand, where a statute governs only procedure of the courts, including the rules of evidence, it is to be given retroactive effect absent an expressed contrary intention. [Cits.]" *Polito v. Holland*, 258 Ga. 54, 55 (365 SE2d 273) (1988). Retroactive effect is also given to statutes affecting the remedy only rather than the right to which the remedy attaches. *Glover v. Colbert*, 210 Ga. App. 666, 668 (437 SE2d 363) (1993). The legislature did not express an intention as to whether or not the statute should be given retroactive effect. In order to decide whether the statute should be given prospective or retrospective effect, the statute must be examined to determine whether it is substantive in nature or has a procedural or remedial nature. The statutory requirement that Board approval be sought for a change in physician or treatment deals not with the compensability of the claim but with the scope of the remedy. "[T]he statutory amendment under consideration here would not render compensable an injury which would not otherwise be compensable but would, at most, merely expand the scope of treatment required to be provided for an injury the compensability of which is not in question." *Thompson v. Wilbert Vault Co.*, 178 Ga. App. 489, 491 (343 SE2d 515) (1986). Since the statutory amendment at issue is remedial, it should be given retroactive effect.

Although the amended statute provides that the selected primary authorized treating physician may make referrals without Board approval, it further provides that medical practitioners to whom the employee is referred by a primary authorized treating physician shall not be permitted to arrange for any additional referrals. OCGA § 34-9-201 (b) (1), (2). The record in this case contains evidence that the contested medical treatments included treatments where Barnes was referred by Dr. Lenhart to Dr. Kim, by Dr. Lenhart or Dr. Kim to other medical practitioners, and by those practitioners to still others. Because of its erroneous conclusion that the provisions of OCGA §§ 34-9-200 and 34-9-201 did not apply, the Board did not consider the application of the statutory requirements to this evidence, nor did it

consider Barnes' claim that the stipulation of Dr. Lenhart as the selected authorized treating physician contemplated that his partner, Dr. Kim, was also included in the selection. Since the superior court correctly reversed the decision of the Board's Appellate Division, although not for all the reasons discussed herein, the judgment of the superior court is affirmed and the case is remanded to the superior court with directions that the case be recommitted to the Board for consideration in accordance with this opinion.

*Judgment affirmed and case remanded with directions. Beasley, C. J., Birdsong, P. J., Pope, P. J., Johnson, Blackburn, Smith and Ruffin, JJ., concur. McMurray, P. J., concurring specially in part and dissenting in part.*

McMurray, Presiding Judge, concurring specially in part and dissenting in part.

"When the right point of view is discovered, the problem is more than half solved." *Ellison v. Ga. R. Co.*, 87 Ga. 691, 706 (6) (13 SE 809). In this claim for workers' compensation benefits, the ALJ awarded certain medical benefits to claimant, Sergeant Willie James Barnes, and also assessed OCGA § 34-9-108 (b) attorney fees against the employer, the City of Atlanta Police Department (the "City"). The Appellate Division of the State Board of Workers' Compensation adopted the award as its own. The City originally controverted all liability, contending in October 1991 that Sergeant Barnes "did not have an accident arising out of and in the course of [his] employment." In a preliminary award entered November 2, 1992, the ALJ found that this notice to controvert was *not timely* under OCGA § 34-9-221 and Board Rule 221, which provide that a notice to controvert must be filed within 21 days of the employer's awareness of injury. The City subsequently accepted compensability yet attempted to controvert in part, on the ground that Dr. Kim's services "were not authorized."

A so-called stipulation between the employer and the employee that John P. Lenhart, M. D. (but not necessarily his clinic) was expressly approved by the employer, whereas the evidence showed that much of the medical services were actually provided by Joon-Whee Kim, M. D. The letterhead of NMS Diagnostics lists Joon-Whee Kim, M. D. immediately beneath that of John P. Lenhart, M. D. Dr. Kim "is employed by Dr. Lenhart as an independent contractor." Sergeant Barnes was instructed by Dr. Lenhart that Dr. Kim "is the doctor that [will] work with [him]. When [Dr. Lenhart is] not here, he will treat you."

Applying *Capital Atlanta v. Carroll*, 213 Ga. App. 214, 216 (3) (a) (444 SE2d 592), and " 'longstanding board policy that an employer's denial of all liability for an alleged workers' compensation

claim is a justifiable circumstance in which the selection requirements of Code Section 34-9-201 do not apply,'" the ALJ concluded that treatment by Dr. Kim at Dr. Lenhart's clinic was not *un*authorized merely because the Board had not been petitioned by Sergeant Barnes for a change in physician. The legal effect of this mixed determination of fact and law is, in essence, a finding that the City is *estopped to deny authorized coverage.* However, the superior court reversed and remanded on this point. The superior court, applying *Lee Fabricators v. Cook,* 203 Ga. App. 450 (417 SE2d 35), concluded that OCGA §§ 34-9-200 (b) and 34-9-201 (d) " 'prescribe the *exclusive* method for changing physicians or treatment, including any change affected by the referral of the employee by the employer-approved physician to another physician pursuant to OCGA § 34-9-201 (c).'" (Emphasis in original.) I agree with Sergeant Barnes that the superior court erred in remanding the case to the State Board. The evidence supports the determination by the ALJ that the employer is estopped to controvert on the ground that Dr. Kim is not an authorized physician. To the extent that estoppel is a factual question, both the superior court (acting in its appellate capacity) and this Court are bound by that finding of estoppel. OCGA § 34-9-105 (a). To the extent that estoppel is a question of law, it is incumbent upon the superior court and this Court to give great deference to the policy determinations of the agency charged with administering the workers' compensation laws. See *Environmental Waste Reductions v. Legal Environmental Assistance Foundation,* 216 Ga. App. 699, 701 (2), 702 (455 SE2d 393). See also *Mason v. Service Loan &c. Co.,* 128 Ga. App. 828, 829 (3), 831 (198 SE2d 391). As it is my view that the superior court erroneously ignored the finding of estoppel made by the ALJ, I do not join in the majority's discussion of whether the latest enactments by the General Assembly are to be given retroactive or prospective application. In my view, the majority strays from the relevant inquiry by failing to address the binding effect of the City's tardy initial notice to controvert. I disagree that the provisions of OCGA §§ 34-9-200 and 34-9-201 (requiring Board approval for a change of physicians) are applicable in the case sub judice and so I respectfully dissent from the judgment of affirmance.

"As a general rule, a claimant cannot change to a new treating physician without petitioning the board for approval under OCGA § 34-9-200 (b). Nonetheless, if the employer is failing to provide medical care, the claimant need not seek approval before going to a new doctor, and the employer cannot later complain that the treatment was unauthorized. This is because the statutory requirement of petitioning for approval of a change presupposes present treatment is being allowed and is appropriate only if existing medical assistance still continues." (Citations and punctuation omitted.) *Wright v. Overnite*

*Transp. Co.*, 214 Ga. App. 822 (1), 823 (449 SE2d 167). At the time the ALJ decided the case sub judice, the General Assembly had "amended OCGA § 34-9-201 to specify that referrals for ancillary medical services do not require authorization from the Board, thereby legislatively overruling *Lee Fabricators* [*v. Cook,* 203 Ga. App. 450, supra] and *Brown* [*v. Transamerica, IMS,* 200 Ga. App. 272 (1) (407 SE2d 430)] as of July 1, 1994, the effective date of the bill. [Ga. L. 1994, p. 895, § 11 (b) (2).]" *Capital Atlanta v. Carroll,* 213 Ga. App. 214, 216 (3), 217 (3) (b), supra. Nevertheless, in its order of November 2, 1994, the superior court erroneously applied this legislatively overruled case law as authority requiring a remand in the case sub judice, and in this Court, the employer continues to cite this legislatively overruled case law. "[A] reviewing court should apply the law as it exists at the time of *its* judgment rather than the law prevailing at the rendition of the judgment under review. . . ." (Emphasis in original.) *City of Valdosta v. Singleton,* 197 Ga. 194, 206 (3), 208 (28 SE2d 759). Moreover, I agree with the ALJ that the employer's original (and tardy) notice to controvert liability vel non acts as a *waiver* of the subsequently asserted position that Dr. Kim was not an authorized physician. "The law of workers' compensation generally requires that the employee will be liable for non-authorized treatment if the expenses are incurred without giving the employer an opportunity to furnish treatment; if[, however, as in the case sub judice,] the employer does not adequately meet the duty of providing treatment the employee may make other arrangements and once treatment by a physician is undertaken an employer may not change positions and cut off the right to continue such treatment." (Citation omitted.) *Boaz v. K-Mart Corp.,* 254 Ga. 707, 709 (1), 710 (334 SE2d 167). "Since the award of the [ALJ, as approved by the Appellate Division,] was supported by 'any evidence,' an affirmance by the superior court was mandated." *Bel Arbor Nursing Home v. Johnson,* 192 Ga. App. 454 (385 SE2d 315). In my view, the superior court erred in failing to affirm the award of medical benefits and further erred in failing to affirm the award of OCGA § 34-9-108 (b) attorney fees. Ordinarily, when a judgment is the result of an erroneous legal theory, a reversal is mandated. *All Phase Elec. Supply Co. v. Foster & Cooper, Inc.,* 193 Ga. App. 232, 233 (2) (387 SE2d 429). As my colleagues in the majority would nevertheless affirm, I respectfully dissent.

DECIDED OCTOBER 31, 1995 —
RECONSIDERATION DENIED NOVEMBER 27, 1995.

*Robert R. Pagniello, Leslie A. Lunsford,* for appellant.

*Bruce P. Johnson*, for appellee.