A95A0954. GEORGIA BAPTIST MEDICAL CENTER v. MOORE.
(464 SE2d 265)

POPE, Presiding Judge.

Georgia Baptist Medical Center applied for discretionary review of the Superior Court of DeKalb County's affirmance of a workers' compensation award to Moore. We granted Georgia Baptist's application, and now reverse the superior court's decision to the extent that it allowed Moore to recover the medical expenses she incurred while being treated by an unauthorized physician. We also affirm that portion of the superior court's decision which upheld the Board's finding that Moore was entitled to weekly income benefits for the period beginning March 16, 1993 and ending April 26, 1993.

Moore worked for a nursing home owned and operated by Georgia Baptist. On March 15, 1993, while walking to work, she was injured when she slipped and fell on some ice in front of the nursing home's entrance. Moore reported the incident to her supervisor on March 16, 1993, and was sent to the emergency room at Georgia Baptist. Dr. Wheatley examined Moore, and after placing her on one day of bed rest, released her to return to regular work. Wheatley also referred Moore to a panel physician, Dr. McMahan, for follow-up treatment, as necessary. Moore scheduled an appointment with Dr. Mc-Mahan for March 29, 1993, but she failed to keep this appointment. She also failed to keep two other March appointments that were scheduled with other panel physicians. Moore did, however, begin seeing an unauthorized chiropractor on March 23, 1993. This chiropractor subsequently submitted a statement to Georgia Baptist and indicated that Moore was disabled.

Although Georgia Baptist paid all of Moore's medical bills associated with any treatment she received from authorized panel physicians, Georgia Baptist refused to pay for Moore's treatment by the unauthorized chiropractor. It also disputed the chiropractor's claim that Moore was disabled. On April 1, 1993, Georgia Baptist filed a Notice To Controvert "[c]ontroverting any and all lost time benefits as not authorized by the treating physician," and pursuing "[a]ny and all defenses."

Following a hearing on December 15, 1993, an administrative law judge determined that Georgia Baptist had controverted Moore's entire claim and that Moore was entitled to disability benefits and compensation for the unauthorized chiropractor's treatment. Upon de novo review, the full State Board of Workers' Compensation adopted

the ALJ's findings of fact and conclusions of law. Georgia Baptist appeals from the superior court's affirmance of the Board's decision.

1. In its first and third enumerations, Georgia Baptist contends that the superior court erred in affirming the ALJ and Board's determination that Moore was entitled to seek treatment from an unauthorized physician, and thereafter be compensated for the services the physician rendered, pursuant to Rule 201 (b) of the Rules and Regulations of the State Board of Workers' Compensation. We agree. Board Rule 201 (b) applies to those claims where an employee is cut off from receiving medical treatment by her employer. See *Pritchard Svcs. v. Lett*, 183 Ga. App. 298 (358 SE2d 842) (1987); *Ga. Power Co. v. Brasill*, 171 Ga. App. 569 (320 SE2d 573) (1984). In this case, Georgia Baptist never cut off Moore's entitlement to medical treatment. In fact, it unsuccessfully tried on several occasions to get Moore to see a panel doctor. Under such circumstances, Moore was not entitled to seek treatment from an unauthorized physician without first petitioning for the Board's approval under OCGA § 34-9-200 (b). See *Holcombe v. Brown Transp. Corp.*, 253 Ga. 719 (324 SE2d 446) (1985).

Additionally, Georgia Baptist did not fully controvert Moore's claim so as to entitle her to seek treatment from a non-panel physician as allowed by Rule 201 (b). "When an employer [fully] controverts a claim, it informs the employee that in its view the injury is not compensable. *ITT-Continental Baking Co. v. Powell*, 182 Ga. App. 533, 535 (2) (356 SE2d 267) (1987). When an employer refuses to pay for treatment by a physician not on the approved panel, it does not controvert the compensability of the claim as contemplated by Rule 201 (b); it simply asserts its rights under OCGA § 34-9-201 (c)." *Nu Skin Intl. v. Baxter*, 211 Ga. App. 32, 33 (438 SE2d 130) (1993).

In the instant case, the record demonstrates that from the beginning Georgia Baptist treated Moore's claim as a compensable medical only claim. In its controversion, it only sought to deny responsibility for the expenses Moore incurred from the unauthorized chiropractor, and to deny any claim Moore made for loss of time benefits based on the chiropractor's determination that Moore was disabled. Based on the above, we conclude that the superior court erred in affirming that portion of the Board's decision which awarded Moore compensation for the cost of her treatment by the unauthorized chiropractor. See OCGA § 34-9-201 (c).

2. In its second enumeration, Georgia Baptist contends that the superior court erred in its determination that there was evidence to support the Board's finding that Moore was entitled to weekly income disability benefits. We disagree. A review of the unauthorized chiropractor's records demonstrates some evidence that Moore was disabled from work from March 16, 1993 to April 26, 1993. Although such evidence was not provided by an authorized treating physician,

Georgia Baptist has failed to cite any case or statutory authority which would lead us to conclude that such evidence is not competent or admissible. Accordingly, because there was some competent evidence to support the award of income disability benefits to Moore, the superior court did not err in affirming the Board's decision on this matter under the "any evidence" rule. See *Howard Sheppard, Inc. v. McGowan*, 137 Ga. App. 408 (224 SE2d 65) (1976).

*Judgment affirmed in part and reversed in part. Beasley, C. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 28, 1995.

*Goldner, Sommers, Scrudder & Bass, Marci R. Weston, Tiffany T. Norman*, for appellant.

*Donald W. Johnson*, for appellee.